148 Wis.2d 408 (1988)
435 N.W.2d 315
STATE of Wisconsin, Plaintiff-Appellant,[]
v.
R.A.R., Defendant-Respondent.
No. 88-1008-CR.
Court of Appeals of Wisconsin.
Submitted on briefs November 7, 1988.
Decided December 22, 1988.
*409 For the plaintiff-appellant the cause was submitted on the brief of Donald J. Hanaway, attorney general, and Jerome S. Schmidt, assistant attorney general.
For the defendant-respondent the cause was submitted on the brief of George K. Steil, Jr., and David A. Schumann, and Brennan, Steil, Basting & MacDougall, S.C., of Janesville.
Before Gartzke, P.J., Dykman and Sundby, JJ.
GARTZKE, P.J.
The state appeals from an order dismissing a complaint and information charging R.A.R. with four criminal counts. The issue is whether the charging documents are sufficiently specific to enable R.A.R. to defend. We hold that they are not. We therefore affirm.
On August 18, 1987 R.A.R. was charged with three counts of violating sec. 940.225(1)(d), Stats., and one count of violating sec. 940.225(2)(e). The complaint alleged that the first and second charges occurred "during the spring of 1982," the third "during the summer of 1982" and the fourth "during the summer of 1983," all in the village of Orfordville.
The factual portion of the complaint asserted that M., born in May 1971, and D., born in February 1969, are R.A.R.'s sisters. M. states that R.A.R. put his *410 fingers into her vagina when he babysat her and her brothers and sisters at their home in the spring of 1982. She states that in the spring of 1982, while babysitting at their home, R.A.R. also made her put her hand inside his pants and touch his penis. She states that during the summer of 1982 R.A.R. was again babysitting at their home and put his finger into her vagina. D. states that in the summer of 1983, while she was cleaning R.A.R.'s room, he sat on the bed, unzipped his pants, pulled her over and made her masturbate him.
In December 1987, following the preliminary examination, the information was filed charging the same counts for the same periods alleged in the complaint.[1] R.A.R. moved to dismiss the complaint and information or to compel the state to make each count more definite and certain.
The trial court ruled that the state had not alleged the dates of the offenses with sufficient precision to satisfy R.A.R.'s constitutional right to due process and the right to be informed of the nature and cause of the accusation. The court directed the state to amend the charging documents to furnish more precise dates or periods, failing which the court would dismiss the complaint and information. Because the state failed to amend the complaint, the court dismissed the complaint and information.
In State v. Fawcett, 145 Wis. 2d 244, 247, 426 N.W.2d 91, 93 (Ct. App. 1988), we sustained as sufficient allegations that the defendant had sexually assaulted a child "during the six months preceding December A.D. 1985." We concluded that whether the *411 period alleged was too broad to allow the defendant to prepare a defense was a constitutional law question for us to decide de novo. Id. at 249, 426 N.W.2d at 94. We used seven factors to assist in applying the test for sufficiency from Holesome v. State, 40 Wis. 2d 95, 102, 161 N.W.2d 283, 287 (1968), which examines "whether the accusation is such that the defendant [can] determine whether it states an offense to which he is able to plead and prepare a defense and whether conviction or acquittal is a bar to another prosecution for the same offense." Fawcett, 145 Wis. 2d at 253, 426 N.W.2d at 95.
[1]
The seven Fawcett factors, taken almost verbatim from People v. Morris, 461 N.E.2d 1256, 1260 (N.Y. 1984), include: (1) the age and intelligence of the victim and other witnesses; (2) the surrounding circumstances; and (3) the nature of the alleged offense, including whether it is likely to occur at a specific time or to have been discovered immediately. Fawcett, 145 Wis. 2d at 253, 426 N.W.2d at 95. As we noted in Fawcett, the first three factors apply when the defendant claims that the state could have obtained a more definite date through diligent efforts. Id. at 251 n. 2, 426 N.W.2d at 94. See also Morris, 461 N.E.2d at 1260. That issue is not before us.
[2]
The remaining Fawcett factors are: (4) the length of the time period relative to the number of offenses; (5) the time between that period and the defendant's arrest; (6) the time between the offense and the date of the complaint; and (7) the ability of the victim or complaining witness to particularize the date and time of the offense. Fawcett 145 Wis. 2d at 253, 426 N.W.2d at 95. Without discussing the circumstances individually, but considering all of them, we concluded in *412 Fawcett that the six-month period in that case was reasonable and adequately informed defendant of the charges against him. Id. at 254, 426 N.W.2d at 96.
The complaint fails to state the ability of M. and D. to particularize the dates and times of the alleged offenses. Both M. and D. were at least a year older than the victim in Fawcett at the time of the claimed offenses. Assuming that spring and summer are three-month periods, the length of each is shorter than that in Fawcett.[2] the complaint was not filed until August 1987. A warrant was issued for R.A.R.'s arrest on August 21, 1987.
Over five years elapsed between August 1987, when R.A.R. was arrested and the complaint was filed, and the three-month period in which the first two offenses are alleged to have occurred, about five years between that filing and the period covering the third offense, and about four years between that filing and the period covering the fourth offense. These gaps far exceed the interval in Fawcett where the six-month period in which the offenses occurred ended with December 1985, the warrant for defendant's arrest issued December 30, 1985, and the amended complaint first alleging the six-month period was filed on February 7, 1986.[3] While the four-to-five-year intervals between the alleged offenses and R.A.R.'s arrest and when the complaint was filed do not alone render the charges insufficiently definite, those intervals in combination with other factors present weigh heavily in favor of that conclusion.
*413 [3]
In light of the Fawcett factors, we conclude that the charging periods set forth for each of the four counts against R.A.R. are not sufficiently definite, and that R.A.R., was not adequately informed of the charges against him. For that reason, we affirm the order dismissing the complaint and information.
By the Court.Order affirmed.
NOTES
[] Petition to review denied.
[1] We restrict our analysis to the charging documents. The validity of a complaint must stand or fall on its contents, since a motion challenging the complaint can be made whether or not a preliminary examination is necessary or conducted.
[2] Webster's Third New International Dictionary (1976), defines "spring" as the months of March, April and May and "summer" as June, July and August.
[3] We have looked to the Fawcett briefs for dates not stated in the opinion.