OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by reversing the convictions of the crimes charged in counts 15, 16 and 17 of the indictment and dismissing those counts with leave to the People, should they be so advised, to resubmit the charges to another Grand Jury and, as so modified, affirmed.
On these cross appeals, we agree with defendant that his pretrial motion to dismiss all counts for duplicitousness should have been granted. In People v Keindl (68 NY2d 410, 417-418) we stated that "each count of an indictment [may] charge only one offense” and that "where one count alleges the commission of a particular offense occurring repeatedly during a designated period of time, that count encompasses more than one offense and is duplicitous” (see, CPL 200.30 [1]; 200.50 [3]). We rejected the use of a "continuing crime” theory, for single act offenses, as a means of bypassing the one crime per count requirement (see, id., at 420-421).* Here, although the indict *641 ment charged only one single act offense per count, the bill of particulars, as to the charge in each count, specifically alleged (see, CPL 200.95) that defendant had engaged "in a continuous course of conduct” over a period in excess of nine months. Thus, defendant’s motion to dismiss should have been granted because the charges, as precisely framed by the bill of particulars, were duplicitous. That the trial evidence subsequently narrowed the scope of defendant’s alleged illegal conduct is irrelevant. Defendant was entitled to pretrial notice of the charges so that he would be able to adequately prepare a defense (see, People v Keindl, supra, at 416; People v Iannone, 45 NY2d 589, 594).
In addition, we agree with defendant’s contention that all of the charges should have been dismissed on the further ground that the time period during which the crimes were alleged to have occurred (Oct. 31,1983-Aug. 1, 1984, excluding weekends) was so excessive that it was unreasonable (see, People v Keindl, supra, at 419; People v Morris, 61 NY2d 290, 295). Where an indictment charges a time interval which is so large that it is virtually impossible for a defendant to answer the charges and to prepare a defense, dismissal should follow even though the People have acted diligently and a shorter time period cannot be alleged (see, People v Keindl, supra, at 419; People v Morris, supra, at 295). The time period alleged here, even considering the nature of the crime and the ages of the victims, is an excessive interval.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum; Judge Alexander taking no part.
Order modified, and, as so modified, affirmed, etc.

 The crimes defendant was charged with committing — sodomy, sexual abuse, and rape — are all single act offenses and are not crimes, such as endangering the welfare of a child (Penal Law §260.10), which may be properly charged under a "continuing crime” theory (see, People v Keindl, 68 NY2d 410, 421).