■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN SEABROOKE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garry, J.), rendered November 6, 1986, convicting him of robbery in the first degree (two counts), and grand larceny in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified (1) on the law, by reversing the conviction of robbery in the first degree under the first count of the indictment, as amended, and grand larceny in the third degree under the sixth count of the indictment, as amended, vacating the sentences imposed thereon, and dismissing those counts of the indictment without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Beslanovics, 57

NY2d 726), and (2) as a matter of discretion in the interest of justice, by reversing the conviction of grand larceny in the third degree under the fifth count of the indictment, vacating the sentence imposed thereon and dismissing that count of the indictment; as so modified, the judgment is affirmed.

We agree with the defendant's contention that the first and sixth counts of the indictment, as amended, which charged the defendant with robbery in the first degree in that, acting in concert with several codefendants, he "forcibly stole certain property, namely, a bicycle from Anthony Toro, and jewelry from Timothy McGinnis" and grand larceny in the third degree in that he stole a bicycle from the person of Anthony Toro and jewelry from the person of Timothy McGinnis, must be dismissed because they each charge him with two offenses (see, CPL 200.30 [1]; *People v Kiendl,* 68 NY2d 410, 417-418; *People v Branch,* 73 AD2d 230, 234). That dismissal is, however, without prejudice to the People's re-presentment of any appropriate charges to another Grand Jury (see, *People v Beauchamp,* 74 NY2d 639).

Moreover, as the People concede, the fifth count of the indictment, under which the defendant was convicted of grand larceny in the third degree, must also be dismissed. That count is an inclusory concurrent count of the second count of the indictment, under which the defendant was convicted of robbery in the first degree. Thus, the verdict of guilty under the second count is deemed a dismissal of the fifth count of the indictment (CPL 300.40 [3] [b]; *People v Johnson,* 39 NY2d 364, 370).

We have considered the defendant's remaining contentions, including his claim that the sentence imposed was excessive, and find them to be without merit. Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.