■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HENRY CORRADO, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Pitaro, J.), dated March 6, 1989, as granted that branch of the defendant's omnibus motion which was to dismiss the first and second counts of Queens County indictment No. 5724/88, both charging the defendant with sexual abuse in the first degree.

Ordered that the order is affirmed insofar as appealed from.

The People argue that the court erred in dismissing the first and second counts of the indictment charging the defendant with sexual abuse in the first degree. We disagree.

CPL 200.30 (1) provides that "[e]ach count of an indictment may charge one offense only" and CPL 200.50 (3) requires that

an indictment must contain "[a] separate accusation or count addressed to each offense charged, if there be more than one". Thus, "where a crime is made out by the commission of one act, that act must be the only offense alleged in the count" *(People v Keindl,* 68 NY2d 410, 417; *see also, People v Bruce A.,* 141 AD2d 736). In the instant case, although the first and second counts were not facially duplicitous, a review of the Grand Jury minutes reveals that each count was, in fact, premised upon multiple acts of sexual abuse. Therefore, the first and second counts of the indictment were properly dismissed as duplicitous *(see, People v Beauchamp,* 74 NY2d 639; *People v Romero,* 147 AD2d 358; *People v Faux,* 99 AD2d 654).

We also agree with the court's finding that the time period designated in the first and second counts was excessive. While counts alleging sexual abuse need not designate a particular date *(see, People v Keindl, supra),* they must "charge the time and place and nature and circumstances of the offense with clearness and certainty" *(United States v Cruikshank,* 92 US 542, 566; *People v Morris,* 61 NY2d 290, 295). The test is one of reasonableness and the determination of whether the time period is sufficiently specific must be made on an *"ad hoc* basis" *(People v Morris, supra,* at 295). Here, the counts in question alleged sexual abuse against a five-year-old child that occurred sometime over a five-month period. In light of the questionable nature of the investigation, we find that this time period was excessive under the circumstances *(see, People v Beauchamp, supra; People v Romero, supra; People v MacAfee,* 76 AD2d 157). Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.