(October 18, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO ALGARIN, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered January 15, 1986, convicting defendant, after a jury trial, of 2 counts of rape in the first degree, 11 counts of sodomy in the first degree, and 10 counts of sexual abuse in the first degree and sentencing him to a period of incarceration totaling 29⅔ to 89 years' imprisonment, unanimously reversed, on the law, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused, pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30-day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

The record in this case unequivocally indicates that defendant, a teacher's aide at the Puerto Rican Association for Community Action Day Care Center (PRACA), engaged in criminal activity involving the rape, sodomy and sexual abuse of innocent, defenseless children between the ages of three and five years. However, we nevertheless must reverse, under constraint of the recent Court of Appeals ruling in *People v Beauchamp* (74 NY2d 639 [1989]). In that case, the court vacated the convictions of defendant's alleged coperpetrator, Franklin Beauchamp, "because the charges, as precisely framed by the bill of particulars, were duplicitous", and therefore in violation of CPL 200.30 *(supra,* at 641).

As the Court of Appeals, speaking through Judge Alexander, has previously stated, "where a crime is made out by the commission of one act, that act must be the only offense alleged in the count." *(People v Keindl,* 68 NY2d 410, 417 [1986].)* This requirement comports with the mandate of CPL 200.30 (1), which provides "[e]ach count of an indictment may charge one offense only." *(People v Keindl,* 68 NY2d 410, 417, *supra.)* Thus, where "one count alleges the commission of a particular offense occurring repeatedly during a designated period of time, that count encompasses more than one offense

and is duplicitous." *(Supra,* at 417-418.) In *Beauchamp (supra),* as in the case at bar, although the indictment charged only one single offense per count, the bill of particulars specifically alleged, as to each count, that defendant engaged "in a continuous course of conduct" over a period in excess of a number of months. *(See, People v Beauchamp,* 143 AD2d 13 [1st Dept 1988], *mod* 74 NY2d, *supra,* at 640-641.)

It was, therefore, error for Supreme Court to deny defense counsel's motion to dismiss the indictment for duplicitousness following receipt of the bill of particulars. Counsel at that time correctly noted that the language contained therein regarding a "continuing course of conduct" rendered the indictment defective. Appellate counsel now correctly observes that, in fact, during defendant's trial the "continuing crime" theory was a recurring theme throughout the trial, and repeatedly raised by the prosecutor on summation, thereby underscoring the error and rendering it impossible to determine which of the multiple acts alleged actually was the basis of defendant's conviction of any given count.

Furthermore, the indictment against defendant was fatally defective because the 3½-month time interval alleged in each count was so excessive as to be unreasonable, i.e., leaving it impossible for defendant to answer and defend against the charges, in violation of the specificity requirements of CPL 200.50 (6). While the People are not always required to allege the precise date and time of an incident in rape, sodomy or sexual abuse prosecutions, they do have to provide a "reasonable approximation, under the circumstances of the individual case, of the date or dates involved." *(People v Morris,* 61 NY2d 290, 292 [1984].) Here, since the time period of the counts charged was equal to the defendant's total tenure of employment at PRACA, there does not appear to be even a colorable effort to narrow the time period during which the criminal conduct occurred. *(See, People v Beauchamp,* 74 NY2d, *supra,* at 641; *accord, People v Keindl,* 68 NY2d, *supra,* at 419-420.) Thus, we hold that the indictment deprived defendant of his right to fair notice of the charges against him, as well as the right to prepare a defense. Concur—Murphy, P. J., Sullivan, Carro and Milonas, JJ.