■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ALFORD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered May 8, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal posses-sion of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant Anthony Alford contends that the People failed to prove beyond a reasonable doubt that he possessed the requisite mental culpability for the crimes charged. How-ever, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to prove his guilt beyond a reasonable doubt. The evidence, which included a police videotape of portions of

the so-called "buy and bust" transaction, showed that when an undercover police officer asked to purchase two vials of crack cocaine from the codefendant John Alford, John provided the officer with one vial and then turned to Anthony and asked "Are you working?". Anthony produced a vial of crack cocaine from his pocket and handed it to John who, in turn, handed it to the officer. The officer gave two $10 bills to John, who passed one of the bills to Anthony. The vials tested positive for cocaine. This evidence was legally sufficient to establish that Anthony possessed a narcotic drug with the intent to sell it (see, Penal Law § 220.16 [1]) and that he intentionally aided his codefendant in the actual sale (see, Penal Law § 220.39 [1]; § 20.00). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.