[600 NYS2d 714]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WATT, Appellant.

Second Department, July 6, 1993

### APPEARANCES OF COUNSEL

*Ruberti, Girvin & Ferlazzo, P. C.,* Albany *(Salvatore D. Ferlazzo* of counsel), for appellant.

*Carl A. Vergari, District Attorney* of Westchester County, White Plains *(Maryanne Luciano* and *Richard E. Weill* of counsel), for respondent.

### OPINION OF THE COURT

MILLER, J.

This case is once again before this Court on a remittitur from the Court of Appeals. The sole issue now presented is whether the five-month time periods alleged in counts 1, 2, 18, 19, 22, and 23 of indictment No. 85-00738, as amplified by the People's bill of particulars, were reasonably specific under the circumstances of this case to provide the defendant with adequate notice of the times when the crimes were alleged to have been committed. For the reasons that follow, we hold that under the circumstances of this case, the defendant was provided with adequate notice of these crimes and the times thereof, so as to enable him to prepare a defense.

I

The defendant James Watt was a transient, living and working in an unlicensed day-care center in Mount Vernon. Along with virtually all of the other workers in this day-care center, including its owner, the defendant was charged with 47 counts of first degree rape, sodomy, and sexual abuse, and endangering the welfare of a minor, in connection with a protracted pattern of sex crimes perpetrated against at least

seven young girls in his care, between the ages of 3 and 9 at the time of the crimes. After an eight-month trial, the defendant was convicted of 11 counts of rape in the first degree, 5 counts of sodomy in the first degree, and 1 count of endangering the welfare of a child. He was sentenced to consecutive terms that, but for the effect of Penal Law § 70.30 and human mortality, would have left him incarcerated for 55 to 165 years.

On the defendant's appeal from the judgments convicting him of the aforementioned crimes, a majority of this Court held that the indictments upon which he was prosecuted were fatally defective because they set forth time periods during which each of the crimes were alleged to have been committed that were excessive as a matter of law, even as narrowed by the People's bill of particulars. The partial dissent stated that the five-month time periods alleged as to the crimes perpetrated against victim NB were not unreasonable as a matter of law, and were reasonably precise under the circumstances of this case so as to provide the defendant with adequate notice of the charges against him (see, People v Watt, 179 AD2d 697, 705-706). The People appealed from so much of the order of this Court as reversed the defendant's conviction of the crime perpetrated against the victim NB. The Court of Appeals reversed insofar as appealed from, finding that the five-month time period alleged was not unreasonable as a matter of law, but remitted the matter to this Court to consider the question of whether the five-month period was reasonable under the circumstances of this case (see, People v Watt, 81 NY2d 772). We now uphold the defendant's conviction on those counts that alleged the commission of rape in the first degree and sodomy in the first degree against the victim NB, and affirm the defendant's conviction with respect to those counts.

II

Pursuant to CPL 200.50, an indictment must contain a separate accusation or count as to each crime charged (CPL 200.50 [3]) and "[a] statement in each count that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time" (CPL 200.50 [6]). It is beyond dispute that the purpose of an indictment is to provide the accused with fair notice of the nature of the charges against him and the time and place of the conduct, so

as to enable him to prepare an adequate defense *(see, People v Keindl,* 68 NY2d 410; *People v Morris,* 61 NY2d 290; *People v Iannone,* 45 NY2d 589). When time is not an essential element of an offense, the indictment need not set forth the actual date of the crime charged. It must, however, set forth a time interval which is not so vast as to deny the defendant his constitutional right to be informed of the nature and cause of the accusation *(see, People v Keindl, supra,* at 417; *People v Morris, supra,* at 294). As the Court of Appeals held in *Morris* and reaffirmed in this case, where an indictment provides overly broad periods of time during which a crime is alleged to have been committed, a bill of particulars may be employed to narrow the time allegations to within standards of reasonableness. In this case, concerning victim NB, the defendant was convicted of four counts of rape in the first degree and two counts of sodomy in the first degree alleged to have been committed over a five-month time period. Application of the analysis prescribed by *People v Morris (supra)* leads to the conclusion that the above counts are not unreasonably imprecise under the circumstances of this case.

Once having determined that the time period alleged in an indictment is not so great as to render the indictment facially defective *(cf., People v Beauchamp,* 74 NY2d 639), *Morris* instructs a reviewing court to first examine whether the People's failure to allege a more specific time frame is the result of an intentional nondisclosure (in which case the indictment should be dismissed) or whether the People have exercised good-faith diligent investigatory efforts. In the instant case, there is no hint of any intentional prosecutorial nondisclosure, nor is there any evidence of a lack of due diligence on the part of the People. Moreover, *People v Morris (supra,* at 296) instructs: "In evaluating the possibility that a more specific date could have been obtained through diligent efforts, the court might consider, among other things: (1) the age and intelligence of the victim and other witnesses; (2) the surrounding circumstances; and (3) the nature of the offense, including whether it is likely to occur at a specific time or is likely to be discovered immediately". In this case, the victims ranged between 3 and 9 years of age at the times of the crimes. The surrounding circumstances include the fact that this case involved widespread sexual abuse of numerous children under circumstances which precluded easy discovery. The children were abused in the basement of an illegal day-care center under threats that if they revealed the truth,

either they or their parents would be harmed. Clearly, under these circumstances (plus others to be discussed *infra*), one cannot reasonably conclude that the prosecution exhibited less than due diligence in its investigation.[1]

Given the People's apparent due diligence in this case, *Morris* further instructs that the following circumstances should be considered in the ad hoc analysis to determine the reasonableness of the time period alleged in the indictment: (1) the length of the alleged time period in relation to the number of criminal acts alleged, (2) the passage of time between the alleged period of the crime and the defendant's arrest, (3) the duration between the date of the indictment and the alleged offense, and (4) the ability of the victim to particularize the date of the alleged offenses *(see, People v Morris, supra,* at 296). This list is not exclusive of the factors to be considered *(People v Morris, supra,* at 296).

As in *People v Morris (supra),* the indictments and bills of particulars at bar informed the defendant of the nature of the charges, the underlying conduct as to each victim, the places of the crimes, and the identity of the complaining witnesses and, as to NB, provided a reasonably accurate statement of the time in which the offenses were alleged to have been committed. Indeed, where such notice is provided, a defendant is not given unconstitutionally inadequate notice "notwith-standing that it would be easier to prepare an alibi defense if the exact date and time of the offense[s] were known and provided" *(People v Morris, supra,* at 297). In this case, the length of the alleged time period as to the crimes against NB is five months. The indictment alleges that the defendant, during that period, committed six rapes and four sodomies, for a total of 10 crimes, against NB. Concerning all victims, the defendant is alleged to have committed 47 criminal acts against a total of 11 children. In any event, even considering only the crimes against NB, 10 criminal acts alleged over a five-month period is not such a broad allegation as to be unreasonable. Indeed, while we may not assign dates to each crime with no basis in fact *(see, People v Vogt,* 172 AD2d 864), implicitly the *Morris* criteria suggest a greater number of

1. Indeed, while the alleged center was apparently in existence since 1981, the first allegations of abuse did not come to light until May 1985 when a three-year-old boy accused another worker of sodomizing him. Investigations were commenced immediately thereafter and two indictments were returned in 1985, commencing this prosecution.

crimes may be alleged over a longer period of time without rendering the notice of the crimes unreasonable.

The second factor in this part of the *Morris* analysis also militates in favor of a finding of reasonableness. The crimes against NB were alleged to have been committed during August to December of 1984. Crimes against other children were alleged to have occurred through May 3, 1985. The defendant was arrested on that date. This was one day after the allegations of abuse first came to light. Clearly, there was no undue or prejudicial delay between the time the crimes were alleged to have been committed and the time of the defendant's arrest.

Nor has there been any undue delay between the dates of the offenses and the indictments of the defendant. The indictments charged an extended sexual crime spree which was brought to a close only by the defendant's arrest. The first indictment was handed up on July 18, 1985, approximately 2½ months after the arrest. While criminal charges were subsequently brought concerning acts of rape and sodomy potentially occurring as far back as November 1980, these crimes, too, only came to light in May 1985.[2] As to NB, the defendant was indicted within 7 to 11 months of the crimes alleged to have been committed against her. Given the great number of young victims and thus the wide scope of this prosecution, this time period is not so great as to be unreasonable under the circumstances.

Last of the four *Morris* factors to be considered is the ability of the victims to particularize the dates of the alleged offenses. As previously noted, generally, this case concerned repeated acts of abuse against 11 children who were between the ages of 3 and 9 at the time of the crimes. Eileen Treacy, the People's expert witness, testified at the trial that the children were not able to particularize the time frame of the attacks against them. As for NB, at the time of trial, she was about 10 years old, and at the times of the crimes against her, she was only 8 years old. At the trial, NB was unable to particularize the times of the alleged crimes beyond recalling that in the summer of 1984 she went to the day-care center where she used to play with the other children. NB testified as to various sexual attacks by the defendant, who was frequently assisted

---

2. Presumably where the victims could provide no specific details as to the dates of the crimes, the long-ranging time periods alleged represented each child's entire period of attendance at the day-care center.

by the proprietor of the center, who, NB stated, held the child's legs apart while the defendant raped and sodomized her. In all, NB recounted at least four incidents, two rapes, one anal sodomy, and one oral sodomy, on various occasions inside the illegal day-care center. To prevent disclosure of these acts, the defendant reportedly warned NB to keep quiet or he would kill her mother and father. The physical evidence adduced leaves no doubt that NB was severely abused and traumatized, as she was found to have no hymen, and a skin tag on her anus (indicating anal penetration). As did several of the other children, she developed gonorrhea. The final factor cited in *Morris* thus also militates against the defendant. Simply stated, given her troubled past, NB's inability to particularize the exact times of the defendant's attacks beyond a five-month period should not inure to his benefit.

The foregoing analysis of the *Morris* factors leads to the conclusion that the five-month time period alleged as to the crimes committed against NB was not unreasonable under the circumstances. The prosecution did the best it could with a voluminous and complicated case. As allegations came to light, the People took action, thereby minimizing as much postdisclosure prejudice as possible. That the defendant's threats kept NB and the other children quiet is yet another factor to consider. Clearly, the defendant should not be heard to complain that he was deprived of adequate notice of the charges when his own conduct directly led to the impossibility of the People fulfilling their obligation to provide him with the most precise notice possible under the circumstances.

### III

A contrary conclusion is not compelled by *People v Corrado* (161 AD2d 658) wherein this Court dismissed an indictment alleging two counts of sexual abuse in the first degree over a five-month time period. *Corrado* is factually distinguishable in that that case involved prosecution of one defendant who allegedly abused one child. Moreover, the indictment in *Corrado* was duplicitous and the prosecution exhibited less than good faith, as an indictment alleging 21 counts was replaced, upon virtually identical evidence, with a second indictment alleging only two duplicitous counts, alleging multiple criminal acts in each count. Clearly the combination of circumstances which caused the five-month time period to be unreasonable in *Corrado* does not exist in the case at bar. *People v*

*Romero* (147 AD2d 358) is distinguishable for the same reasons. *People v Algarin* (166 AD2d 287) is also distinguishable because in that case, unlike the matter at bar, the indictment was duplicitous. Moreover, although the facts of *Algarin* are somewhat similar insofar as both cases involved child sexual abuse in a day-care center setting, it appears from the briefs submitted to the Appellate Division, First Department, in *Algarin* that the Grand Jury testimony of the victimized children actually provided a basis to glean, and hence provide to the defendant, more specific time allegations. Thus, the diligence of the prosecution was called into question. This failure alone, which is absent in this case, can compel reversal.

Moreover, in *Algarin* the 3½-month period alleged in the indictment coincided with that defendant's entire period of employment.[3] The First Department cited this fact and held that the prosecution therein had failed to make even a "colorable effort" *(People v Algarin, supra,* at 288) to narrow down the time period alleged, notwithstanding that the Grand Jury testimony reportedly provided more specific information that the prosecution did not utilize to narrow the time allegations. This justified a finding of a lack of due diligence.

In the instant case, however, the People were not guilty of any similar omissions, at least insofar as NB was concerned. As to this victim, the People did make reasonable attempts to apprise the defendant of the timing of these charges with the greatest degree of particularity possible under the circumstances. This absence of bad faith alone constitutes a major distinction between the two cases under the ad hoc analysis described in the *Morris* case. Furthermore, unlike the situation in *Algarin,* the defendant worked and lived in the illegal day-care center. To the extent that reasonable notice must be provided in an indictment to permit a defendant to ascertain whether he has an alibi for the time of the crime *(see, People v Morris, supra),* the defendant's peculiar working and living arrangements at the very place wherein the crimes were committed renders any potential alibi defense far less meaningful. Accordingly, the holding of *People v Algarin (supra)* does not compel a finding under the circumstances at bar, that the five-month time allegations were unreasonably imprecise.

---

**3.** The indictment at bar spans up to four years. Thus, in addition to the likelihood of nondisclosure due to the illegal nature of the facility, the defendant's crimes allegedly spanned a greater time period, rendering specificity all the more difficult.

Rather, these time allegations were entirely reasonable under the circumstances of this case (see, *People v Winkler,* 161 AD2d 743; *People v Benjamin R.,* 103 AD2d 663).

## IV

The reasonableness of the five-month time allegations at bar is underscored by an examination of the standards employed in other jurisdictions. As will be seen, many States afford defendants in Watt's position far less notice than that required in New York.

The longest time frame found which was approved by a State court was the 32-month period sanctioned by the Utah Supreme Court in *State v Wilcox* (808 P2d 1028). In that case the defendant was charged with sexually abusing and sodomizing his granddaughter. The indictment alleged that one count of each crime occurred over a period between January 1985 and September 4, 1987, a period of 32 months. The trial court granted the defendant's motion to dismiss. In reversing and reinstating the indictment, however, the Utah Supreme Court held the 32-month-time allegation was reasonable under the circumstances.

The court noted that the purpose of an indictment in Utah is to apprise the defendant of the particulars of a charge so as to enable him to prepare a defense. The court noted, however, that in prosecuting cases involving young crime victims, certain circumstances are presented which necessitate the tolerance of a broader time allegation than might otherwise be acceptable. Given a young child's inability to particularize the time and place in which a crime was committed, the law of Utah is "less vigorous" in requiring specificity of information in such cases *(State v Wilcox, supra,* at 1033). Rather, the overriding concern is that so long as the elements of the crime are covered by the factual allegations and the defendant has been apprised of the time of commission to the best of the People's ability, any lack of specificity may diminish the credibility of the People's case, but it does not compel the dismissal of the charges on due process grounds. Notably, the court discounted the defendant's claim that he was deprived of an opportunity to interpose an alibi. Rather, given the defendant's continuing contact with his victim, the court found that there was no "realistic possibility" that the defendant could have interposed an alibi successfully and thus, the court determined that the defendant had not been substantially

prejudiced by the lack of precision in the People's pleadings *(State v Wilcox, supra,* at 1033). This same conclusion may reasonably be drawn in this case, since the defendant both lived and worked in the confines of the illegal day-care center wherein the abuse was perpetrated.

This lack of prejudice, based upon an absence of proof that an overbroad time allegation deprived the defendant of an opportunity to interpose an alibi, has been embraced by other courts as well as a factor to consider in assessing the reasonableness of long-ranging time allegations. In *State v Stark* (162 Wis 2d 537, 470 NW2d 317), the Court of Appeals of Wisconsin sustained charges alleging sexual assault committed against a four-year-old child by the victim's mother's paramour. There, the Wisconsin court expressly applied New York's *Morris* test to hold that the People's failure to narrow down the four-month time frame was error since they were ultimately able to narrow it to 13 days at trial. Nevertheless, because the defendant failed to allege that he even had a possible alibi, the overbroad allegations which theoretically prevented the interposition of an alibi were held to be harmless error *(see also, State v Lakin,* 128 NH 639, 517 A2d 846 [unavailability of alibi regarding charges of sexual assault against a victim between the ages of 13 and 16 caused the defendant to sustain no prejudice in defending charges alleged to have occurred over a 21-month period]; *People v Fritts,* 72 Cal App 3d 319, 140 Cal Rptr 94 [defendant's convictions for unlawful sexual relations with his stepdaughter upheld; although charges were alleged to have occurred over a one-year time span, the defendant did not seek to interpose an alibi and hence was not prejudiced]).

Discussion of Wisconsin cases is particularly noteworthy because Wisconsin is the only State other than New York which has expressly adopted the *Morris* test. Pursuant to that analysis, in *State v Fawcett* (145 Wis 2d 244, 426 NW2d 91), a six-month time period was held to be reasonable where sexual abuse was perpetrated against a 10-year-old boy who could be no more specific. In *Fawcett,* the prosecution apparently acted diligently following the victim's initial complaints to his teacher. By way of contrast, in *State v R.A.R.* (148 Wis 2d 408, 435 NW2d 315), sexual crimes alleged to have occurred over a three-month period were held not to have been pleaded with sufficient specificity where five years had elapsed between the commission of the crimes and the defendant's arrest. This factor, along with the fact that the victims in *R.A.R.* were

older than those in *Fawcett,* led the court to conclude that time allegations of three months were not reasonable under those circumstances.

Of other States which do not apply a *Morris*-type, balancing test, the single most important consideration mentioned in upholding broad-ranging time allegations is the inability of young child victims to particularize the dates of the offense with greater specificity. Thus, in *State v D.B.S.* (216 Mont 234, 700 P2d 630) the Supreme Court of Montana upheld incest charges alleged over a 10-month time period where the victim, a four-year-old girl, was abused by her father. The court in *State v D.B.S. (supra)* relied in part upon a prior decision of the Montana Supreme Court in *State v Clark* (209 Mont 473, 682 P2d 1339). In that case, a 12-year-old girl was repeatedly raped by her stepfather. The court upheld the charges, holding that the law does not demand "impossible precision" *(State v Clark, supra,* 209 Mont, at 481, 682 P2d, at 1343). In reaching this conclusion, the court noted: " 'It would be a very weak rule of law that would permit a man to ravish a [12-year-old] girl * * * and then say in effect: "You cannot convict me of this crime, as you did not guess the right date" ' " *(State v Clark, supra,* 209 Mont, at 483, 682 P2d, at 1345, quoting from *State v Rogers,* 48 Idaho 567, 570, 283 P 44, 45). This theme has been acknowledged in numerous other cases.

Indeed, in *Jackson v United States* (503 A2d 1225 [DC App]), sodomy charges spanning a time frame of nine months were sustained upon the recognition that the inability of a young child to particularize the time at which a crime occurred would thwart justice if the accused were entitled to a more specific time allegation. Such reasoning was recognized by the Court of Appeals of Ohio in *State v Barnecut* (44 Ohio App 3d 149, 542 NE2d 353) in which sexual misconduct charges were upheld notwithstanding that they were allegedly committed over a period of one year *(accord, State v Higdon,* 774 SW2d 498 [Mo] [alleged sodomy over six-month period perpetrated against 12-year-old stepdaughter]; *State v Mulkey,* 316 Md 475, 560 A2d 24 [charges of alleged sodomy charges upheld despite 3-to-4-month time periods alleged]; *State v Hoban,* 738 SW2d 536 [Mo] [sodomy charges alleged over 15-month time period upheld where victim, a seven-year-old neighbor, could not recall with specificity when each incident occurred]; *State v Madden,* 15 Ohio App 3d 130, 472 NE2d 1126 [rape and sodomy charges leveled against defendant for abuse of his

eight-year-old granddaughter and 11-year-old son sustained, notwithstanding time allegations spanning up to seven months]; *State v Gingell,* 7 Ohio App 3d 364, 455 NE2d 1066 [allegations that defendant thrice raped his eight-year-old stepdaughter over periods of up to six months upheld]).

## V

The foregoing represents but a sampling of the case law on the issue of allegedly overbroad time allegations. Nevertheless, some principles can be synthesized from the cases. All States, including New York, abide by the rule that time can be alleged in approximate terms where it is not an element of the crime charged. Most States adhere to a reasonableness standard similar to that announced by the Court of Appeals in *Morris.* Different States, however, utilize differing criteria to reach their ultimate conclusions of what is reasonable under the circumstances. As noted, some States look to an absence of prejudice. If no alibi has been raised or no claim has been made that imprecision has precluded even the formulation of an alibi, then even if the imprecise time allegations are held to be error, they may be subject to harmless error analysis. This reasoning, however, is somewhat result-oriented, as it puts the cart before the horse. Must a defendant claim, in the first instance, that he is unable to formulate an alibi to trigger the State's obligation to provide him with constitutionally mandated notice of the crime so he can prepare a defense? While certain States answer that question in the affirmative, it is doubtful that such an approach would be adopted in this State, as the onus, in the first instance, is on the prosecution.

As noted, the second major theme running through the foreign case law is that special consideration must be given to child victim witnesses. This consideration *is* a component of the ad hoc *Morris* test. In view of the holdings of some other courts of this Nation, it is clear that there is room for greater recognition of victims' rights in this State than has heretofore been afforded. While we are not presently called upon to consider time allegations as far-ranging as have been considered by some of our sister States, under the circumstances of this case, the five-month time allegations as to the victim NB are reasonably precise, and thus the defendant's convictions on counts 1, 2, 18, 19, 22, and 23, of indictment No. 85-00738 are affirmed.

THOMPSON, J. P., and ROSENBLATT, J., concur with MILLER, J.; LAWRENCE, J., concurs in the result only.

Ordered that, upon remittitur from the Court of Appeals, so much of the judgment under indictment No. 85-00738, as convicted the defendant under counts 1, 2, 18, 19, 22, and 23, is affirmed.