■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KAMEL BRADLEY et al., Respondents. [649 NYS2d 37] —Appeal by the People from an order of the Supreme Court, Queens County (Flug, J.), dated May 11, 1995, which granted the defendants' respective motions to dismiss the indictment.

Ordered that the order is reversed, on the law, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

The defendants were arrested as part of a "buy and bust" operation. The undercover officer testified before the Grand Jury that he approached the defendant Bradley and asked for "three dimes" of crack cocaine. Bradley obtained a plastic bag containing what appeared to be crack cocaine from the defendant Rigaud, handed it to the undercover officer, and stated that it was a "two dollar bag". Bradley then obtained a second bag from the defendant Lowell and handed it to the undercover officer. After handing Bradley $30 in pre-recorded "buy money", the undercover officer left the scene. During the transaction, the undercover officer and the three defendants were within what the undercover officer described as a small circle.

The Grand Jury returned an indictment charging all three of the defendants with a single count of criminal sale of a controlled substance in the third degree based on the allegation that the defendants, each aiding the others, knowingly and unlawfully sold a narcotic drug to a person known to the Grand Jury. Upon inspecting the Grand Jury minutes, the Supreme Court dismissed the indictment, concluding that there was insufficient evidence to establish that the defendants acted in concert. The court concluded that the evidence showed that there were two separate incidents, one sale involving Bradley and Rigaud, and the other involving Bradley and Lowell.

In reviewing the sufficiency of the evidence in support of an indictment, the test is "whether the evidence, viewed in the light most favorable to the People, if unexplained and uncontradicted, would be sufficient to warrant conviction by a trial jury" (*People v Manini,* 79 NY2d 561, 568-569; *see, People v Jennings,* 69 NY2d 103, 114-115; *People v Pelchat,* 62 NY2d 97, 105). That innocent inferences might be drawn from circumstantial evidence is irrelevant, so long as the Grand Jury could rationally have drawn the guilty inference (*see, People v Deegan,* 69 NY2d 976, 979; *People v Scott,* 131 AD2d 893). Given the circumstances, including the close proximity of the defendants to each other and the undercover officer, and the apparent lack of any conversation between the defendants during the course of the transaction, we conclude that the evidence was sufficient to establish that the defendants acted in concert to sell crack cocaine to the undercover officer (*see, People v Roman,* 83 NY2d 866; *People v Alford,* 178 AD2d 417).

We find no merit to the contention of the defendant Bradley that the indictment is duplicitous (*cf., People v Corrado,* 161 AD2d 658; *People v Seabrooke,* 152 AD2d 760). Bracken, J. P., Copertino, Altman and Hart, JJ., concur.