THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERROLD SCHWARTZ, Appellant. [776 NYS2d 800]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered August 23, 2002, convicting defendant, upon his plea of guilty, of four counts of sodomy in the third degree, and sentencing him to three concurrent terms of 1 1/3 to 4 years, consecutive to an additional term of 1 1/3 to 4 years, unanimously affirmed.

The indictment was not jurisdictionally defective. Each count alleged a single incident falling within a specific one-month period, which provided defendant with fair notice of the charges and was reasonable given all the surrounding circumstances including the victim's age and the passage of time (*see People v Morris*, 61 NY2d 290 [1984]; *People v Latouche*, 303 AD2d 246 [2003], *lv denied* 100 NY2d 595 [2003]).

Defendant received effective assistance of counsel in connection with his plea and sentence (*see People v Ford*, 86 NY2d 397, 404 [1995]; *see also Hill v Lockhart*, 474 US 52 [1985]). Since each count in the indictment charged the commission of a single crime, none of the counts was duplicitous (*see* CPL 200.30), and counsel was not constitutionally obligated to make a motion

raising that issue. There was nothing in the People's bill of particulars and related documents, or in their application to introduce uncharged crimes, that conceded or even implied that any of the counts of the indictment was duplicitous. Unlike the situation in *People v Beauchamp* (74 NY2d 639 [1989]), there were no particulars alleging that each sexual act charged in a single count occurred as a continuous course of conduct.

The record, including the commitment sheet, establishes that the court sentenced defendant on each of the counts to which he pleaded guilty, as required by CPL 380.20 (*see People v Jones*, 207 AD2d 745 [1994], *lv denied* 85 NY2d 863 [1995]). We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Saxe, Sullivan, Marlow and Gonzalez, JJ.