636 So.2d 92 (1994)
STATE of Florida, Appellant,
v.
Thomas Daniel O'BRIEN, Appellee.
No. 93-1754.
District Court of Appeal of Florida, Fifth District.
March 31, 1994.
Rehearing Denied May 9, 1994.
*93 Robert A. Butterworth, Atty. Gen., Tallahassee, and Wesley Heidt, Asst. Atty. Gen., Daytona Beach, for appellant.
Douglas D. Marks of Potter, McClelland, Marks & Healy, P.A., Melbourne, for appellee.
W. SHARP, Judge.
The state appeals from an order dismissing an information, which charged O'Brien with multiple counts of sexual battery on a child under the age of eleven years.[1] The information set forth the dates as between January 1, 1983 and December 1984. The trial court held a hearing patterned after Dell'Orfano v. State, 616 So.2d 33 (Fla. 1993). Without giving the state a chance to amend the information, the trial court ruled the state failed to show it had exhausted all reasonable means to narrow the time frame alleged for when the crimes took place and that O'Brien would be prejudiced in the preparation of his defenses. We reverse.
Although the trial court's ruling comes to us with the presumption of correctness,[2] we think the record in this case fails to establish a basis for dismissal of the information with prejudice. In this case, a child victim testified and tried to pin down the three dates she was allegedly sexually abused by O'Brien.
At the hearing, the child testified she had worked with her mother and a counselor days before the hearing to pin down the time more specifically. She was able (for the first time) to recall the first battery occurred when she was six, in kindergarten. The last occurred when she was eight years old, in November or December of 1984, when she finally told her mother about the abuse, and was removed from the O'Brien home.
As Justice Kogan said in Dell'Orfano, "[w]e recognize that young children often are unable to remember the specific dates on which they were abused... ." "Common sense dictates that admitted wrongdoing should not be shielded from prosecution merely because the state is unable to provide greater specificity in an information or indictment." Dell'Orfano, 616 So.2d at 35. In Dell'Orfano, the information stated a time frame thirty-five months long, considerably longer than the time span in this case. The court rejected any "bright line rule" as to time and vagueness. However, it said the state should not be permitted to use a multi-year period where it is "able to narrow the time frame further, but simply refuses to do so in the charging documents, in a statement of particulars, or during discovery."
*94 In this case, it appears the dates relating to the sexual batteries now could be more specifically stated as to time, based on the child-victim's testimony at the hearing; i.e., summer of 1982; fall to December of 1984. Rather than dismissing the information with prejudice, however, we think that the court should have given the state a chance to amend the information at least once,[3] or to respond to the defense's motion for a bill of particulars.[4] Only if the state refused to do so, should the information have been dismissed.[5]
O'Brien argues that his alibi defenses will be severely prejudiced because of the ten year lapse of time since the alleged sexual batteries took place, and the vagueness of the time frames alleged in the information. The state should now be able to limit the time frame considerably. But, in any event, O'Brien's alibi defense is not the kind of alibi most jeopardized by lack of a specific time for an alleged crime.
O'Brien was prepared to show he was active in after-school activities and part-time work, so he was rarely in the household when this child-victim was there, and they were never alone. The child-victim was one of many children who were cared for by O'Brien's sister. She was in the O'Brien home where the defendant lived, over a span of three years, summers and winters, daily from early in the morning (4:30 a.m.) to 2:30-3:00 p.m. The kind of alibi defense proferred by O'Brien is less persuasive than some in this context. As the Court said in Dell'Orfano:
The fact that a defendant may advance an alibi of short duration will not necessarily be dispositive when it is clear the defendant had access to the victim throughout the time period, in question, such as where both resided in the same house at all relevant times.
616 So.2d at 35, n. 5.
Accordingly, we reverse the order dismissing the information, and remand to permit the state to amend or file a response to the motion for a bill of particulars, based on the child-victim's testimony at the hearing.
REVERSED and REMANDED.
GRIFFIN, J., concurs and concurs specially with opinion.
THOMPSON, J., dissents with opinion.
GRIFFIN, Judge, concurring and concurring specially.
The information in this case was filed on June 10, 1993. On June 24, the defendant served a Motion for Statement of Particulars or alternative Motion to Dismiss asserting:
The State should be required to furnish a statement of particulars setting forth as definitely as possible the date and place of the crimes charged in each Count. Failing either such a statement of particulars or a representation by the State that it has exhausted its ability to define actual or reasonably approximate dates when the offenses were committed, all Counts should be dismissed.
That same day there was a brief hearing and it was agreed that there should be an evidentiary hearing, which was scheduled to occur five days later, on June 30. The prosecutor indicated he would speak again to the victim to see whether there was a way to pinpoint the dates of the offenses more precisely than the two year span previously given to them. He did so and at the hearing the girl testified that she had now been able to recall the first incident occurred in the summertime. She was able to do this through visualization (type of clothing, air conditioning, etc.) and she testified she told the prosecutor about this more narrow time frame "right before court." I am simply unable to credit the argument that the state has lost its right to amend the information because the prosecutor failed to do so prior to the commencement *95 of this hearing. I agree with the opinion of Judge Sharp.
Judge Thompson points out the appealed order reflects that the trial judge also ruled that the state had failed in its proof that it had narrowed the time frame as far as possible because the victim had evidently reported O'Brien's acts to the State in 1985 but the State had failed to offer any witnesses who were involved in the original complaint  presumably to testify that the information obtained from the child in 1985 was no more precise in terms of dates than what is contained in the information.
The discussion of this issue is contained in the following colloquy:
MR. MARKS: Can I address that point, Your Honor? There was a prosecution of a man named Richard Castansus (phonetic), who confessed to abusing this child in an extremely similar manner to the allegations being made against Mr. O'Brien.
The police report which I assume were [sic] part of the discovery is that case that was given to the defense, contains statement by [the victim's] parents that she was making an allegation at that time that she had been abused by Mr. O'Brien.
I would assume with reference to your question whether the State Attorney's Office was made aware of this, I don't know if a formal complaint was made in terms of: I want Mr. O'Brien prosecuted.
But that information, in the form of police reports that were generated by the Melbourne Police, I have to assume were made available to the State Attorney's Office in connection with the prosecution and conviction of Mr. Castansus for molesting this child, same acts, same time.
MR. GARAGOZLO: Judge, again we are getting the issues confused. He is talking now about a delayed prosecution which I think is a different issue.
THE COURT: I wasn't aware of this until right now by my questions. Nobody even mentioned that. A delayed prosecution creates different issues. It involves the State directly now as compared to the Williams case where the delay in getting notice of the law enforcement was through the victim's actions herself.
But the law enforcement and the State had knowledge of this particular allegation and elected not to prosecute back in 1985. The defendant now testifies that his business records are lost at Burger King, that is rebutted today. And this hearing has been scheduled for a while now.
MR. GARAGOZLO: Well 
THE COURT: If you contest that, why didn't you bring somebody from Burger King?
MR. GARAGOZLO: Your Honor, this is the motion from the statement of particulars. We are here on the issue of whether or not the state can narrow the time frame.
THE COURT: Well, that's a dispositive case.
MR. GARAGOZLO: Well, that's a different issue of prejudice. What he is now raising is the delay of prosecution of the criminal charge that happened ten years ago by law enforcement and/or the State Attorney's knew about this. That's the type of situation, Your Honor, we had in the Rockford (phonetic) case, I believe, which is a Fifth District Court decision on that point. That is a separate issue. He needs to file a motion on that point. And I would be more than happy to argue that point.
THE COURT: That has not been a part of this motion?
MR. GARAGOZLO: No, sir. This is the motion for particulars.
THE COURT: There is a motion to dismiss pending, is there not?
MR. MARKS: There is a motion to dismiss, I haven't nailed down on the discovery. The discovery was just exchanged to me probably ten days ago on the third case. And getting ready for the other two cases, we haven't pursued that.
But as part of the  We will represent to the Court as part of the discovery packet that I've gotten, there are the police reports from the prosecution of Mr. Castansus, I think his name is. And in those are statements by the parents saying that the *96 child was making an allegation against Mr. O'Brien.
HRS went to the O'Brien's residence during this period of time. And I would submit to the Court that is virtually undisputed.
MR. GARAGOZLO: Judge, I will stipulate to that. But again, he is not here  I mean, we have to come into court through some sort of vehicle.
The vehicle he is using is the statement of particulars. The State can now entitle claim for the Court to dismiss it [sic]. He is not alleging in his motion that it should be dismissed based upon 
THE COURT: I will go along with that. I don't think he has. I kind of stumbled into it. On reviewing the motions pending today, I do not see that allegation. That is why I was surprised to hear that today. But that is a different issue that should certainly be addressed before this matter goes to much further, regardless of how this comes out today.
It could be a very important consideration when you have the State's involvement in a delay. You are right, that was the Rockford case that we had the delays in prosecution, same kind of thing.
Nevertheless, the issue reemerged ten days later in the court's order as a basis for concluding that the prosecutor had not shown he had done all he reasonably should have done to narrow the time frames. Notably, however, the record shows that both defense counsel and the prosecutor had the 1985 reports, yet there was no suggestion that these documents shed any light on the time frames. Although it is true that the prosecutor did not put these reports into the record, their unhelpful content is not in dispute. What the prosecutor did do at the hearing was ask the child whether she had reviewed these 1985 documents:
Q: Have you had an occasion to look at any Child Protection team reports?
A: Yes, I have.
Q: Do you recall the time frame you gave to the protection team when you were, I guess, eight or nine?
A: Only from reading it.
Based on this record, the state's failure to call law enforcement and HRS personnel to verify that the 1985 reports were no more precise in terms of dates than the information would not justify dismissal of the case. The evidence of the state is unrefuted that the child reviewed the 1985 reports and they didn't jog her memory.
THOMPSON, Judge, dissenting.
I respectfully dissent.
Because the trial judge's order relies upon State v. Dell'Orfano, 592 So.2d 338 (Fla. 4th DCA 1992) as reason for his ruling and the Supreme Court having accepted the logic and the reasoning of the district court in Dell'Orfano, 616 So.2d 33 (Fla. 1993), I would affirm.
The trial judge made a factual finding that the state had been given the opportunity to "show clearly and convincingly that it has exhausted all reasonable means of narrowing the time frames further" as required by Dell'Orfano v. State, 616 So.2d 33. He found the state had not met its burden. I agree with the trial judge for several reasons.
First, the original hearing was scheduled for 25 June 1993. It was continued to 30 June to allow the state to show why it had done the best it could in setting the time for the crimes so broadly. The state requested this additional time to speak with witnesses. At the hearing, it became obvious that the time parameters given by the state were contradicted by the state's own witness, the victim. Her recounting of events led to a different period of time than given to the defense by the state. Also, the witness testified that the state had this information before the hearing started, thus allowing them to amend the information before the hearing. The trial judge also found that the state had a criminal report in its possession since 1985 that alleged O'Brien had committed this crime against the victim. The case was investigated by the Department of Health and Rehabilitative Services and the police. A defendant, the victim's mother's boyfriend, was prosecuted and convicted for crimes he committed against the victim as a result of this police report. No criminal charges were filed by the state against O'Brien.
*97 In his order, the trial court ruled that O'Brien would be prejudiced because of the state's conduct. He detailed the problems O'Brien would have with this case because of the inconsistent allegations concerning the time the crime occurred: alibi, double jeopardy and the destruction of business records that would support his defense of alibi. The alternatives we have are to remand the case for reinstatement with leave for the state to amend or to remand the case and require that the judge conduct a factual hearing to evaluate the state's conduct in narrowing the time when they allege this crime occurred. Dell'Orfano, 616 So.2d at 35. The trial judge has already conducted a hearing and found that the state did not meet its burden. The dismissal was supported by evidence presented at the hearing.
The second reason I would affirm is that the trial judge's order comes to this court presumed to be correct.[1] The judge having conducted the hearing, having evaluated the witnesses, and having prepared an extensive order with findings of fact, I would affirm.
NOTES
[1] § 794.011(2), Fla. Stat. (1983).
[2] See Rankin v. State, 143 So.2d 193, 195 (Fla. 1962); Dixon v. State, 143 Fla. 277, 196 So. 604, 605 (1940); State v. Perez, 383 So.2d 923 (Fla. 2d DCA 1980) (dismissal extreme sanction); State v. Oliver, 322 So.2d 638 (Fla. 3d DCA 1975) (dismissal of cause within discretion of trial court).
[3] Fla.R.Crim.P. 3.140(j) and (o).
[4] Fla.R.Crim.P. 3.140(n).
[5] The trial court also rebuked the state because it did not refer to an abuse complaint filed by the child-victim's parent in 1984 with regard to a different perpetrator, which apparently included O'Brien. But no report is in the record and there is no showing or finding that this earlier report concerning another defendant contained more specific time allegations as to O'Brien than those in the information.
[1] See footnote 2 of this opinion.