651 So.2d 1213 (1995)
STATE of Florida, Appellant,
v.
David DELL'ORFANO, Appellee.
No. 93-3247.
District Court of Appeal of Florida, Fourth District.
February 1, 1995.
Order Denying Rehearing April 13, 1995.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellant.
Joseph L. DeGance, Fort Lauderdale, for appellee.
PER CURIAM.
David Dell'Orfano was charged with one count of sexual battery upon a child and three counts of indecent assault. The victim was his thirteen-year-old daughter. The counts in the original information alleged that the offenses took place over a three-year period. The state later reduced the time frame from three to two and one-half years. The record reflects that there were approximately ten incidents of this conduct alleged.
The trial court early on dismissed the charges, applying a per se rule that the period of time utilized to frame the allegations unfairly hampered appellee, the accused, in preparing his defense and that double jeopardy considerations also required dismissal.
On appeal from this earlier ruling we reversed, rejecting the application of a per se rule. State v. Dell'Orfano, 592 So.2d 338 (Fla. 4th DCA 1992). The Florida Supreme Court agreed that a per se rule was inappropriate in a criminal case involving child abuse. Dell'Orfano v. State, 616 So.2d 33 (Fla. 1993). In its opinion, the supreme court articulated the test for trial courts to apply in such cases when assessing a time period alleged in an information.
On remand, the trial court again granted appellee's motion to dismiss, but from a *1214 slightly different perspective. Describing its perceived dilemma, the court explained:
The Court's position is this: The information that I have available to me right now is that we are dealing  The time frames have been narrowed down originally from a thirty-five month period of time to twenty-seven month period. Within that twenty-seven months, the child is indicating  and I'll use Count I as my example right now  that there are ten separate instances of sexual battery occurring upon her during that twenty-seven month period of time. Any one of those ten separate instances could support a finding of guilt on Count I.
In my view, to span a twenty-seven month period of time with ten completely separate distinct crimes within that twenty-seven month period of time, and require the Defendant to defend against  without knowing specifically which one to defend against  all ten in a single count, I don't think is fair.
The difficulty is  I don't see that there is a surmountable problem by special verdict forms. And one of the difficulties that I see is that let's assume for the moment those ten counts, and we have six jurors. And of those ten counts, juror number one finds that the first time was proved beyond a reasonable doubt, but juror number two doesn't find that. Juror number two thinks the second time was proved beyond a reasonable doubt, but juror number one doesn't think that, and so forth down the line.
There is no unanimity as to a particular crime. And without unanimity as to a particular crime, all agree that a sexual battery occurred at some point during the twenty-seven month period of time, but no one can agree when, and there is no unanimity as to the time.
I don't think that would support a finding of guilt. And if the State can't narrow the time frames down, I don't see how it's possible, with ten separate offenses, for the Court to have a special verdict form that would permit an unanimous verdict in the case.
What it places the Defendant as regarding against is a totally non-unanimous verdict as to the offense, with no way of knowing that it's non-unanimous, with no way of establishing that. To me that is an extreme danger of putting ten crimes from a single Information, particularly if the State has the inability within those ten crimes to be able to say  to distinguish it any better than that either, or if special verdict forms would be workable in the case.
It is well settled that separate and distinct offenses may not generally be alleged in a single count of an indictment or information. McGahagin v. State, 17 Fla. 665, 668 (Fla. 1880). To be legally sufficient, an information can neither be so vague or indefinite as to mislead or embarrass the accused, or subject him or her to multiple prosecution. Fla.R.Crim.Pro. 3.140(o). See also e.g., Martinez v. State, 368 So.2d 338, 339-40 (Fla. 1978). The Florida Supreme Court wrote the following when this case was before it in 1993:
The present case poses two conflicting public policy concerns that the Court must reconcile. First is the strong interest in eliminating the sexual abuse of children through vigorous enforcement of childabuse laws. We recognize that young children often are unable to remember the specific dates on which they were abused. Second is the strong interest of defendants in being apprised of the charges against them such that they can prepare an adequate defense. The latter concern has been codified to some extent in Florida Rules of Criminal Procedure 3.140(d)(3) and 3.140(o), although there is also a due-process basis for it. Art. I, § 9, Fla. Const.
Dell'Orfano v. State, 616 So.2d 33, 34 (Fla. 1993). The supreme court articulated this position with respect to the issue of the time period utilized to frame the allegations. We think the same policy concerns apply when approaching the question of duplicity.
Though Florida courts have apparently not yet addressed the precise issue of charging multiple occurrences in sexual abuse cases, other states have recognized the need for *1215 prosecutorial discretion in such cases. See e.g., State v. Petrich, 101 Wash.2d 566, 683 P.2d 173 (1984) (En Banc); State v. Altgilbers, 109 N.M. 453, 786 P.2d 680 (App. 1989), cert. denied, 109 N.M. 419, 785 P.2d 1038 (1990).
The Washington Supreme Court, which reversed a conviction in a sexual abuse of a child case based on the fact that the jury was allowed to find guilt on a multiple-offenses count with evidence of many incidents, still offered to leave the matter of charging in these highly sensitive, difficult to pin down sexual abuse crimes to the discretion of the prosecutor:
Multiple instances of criminal conduct with the same child victim is a frequent, if not the usual, pattern. Note, The Crime of Incest Against the Minor Child and the States' Statutory Responses, 17 J.Fam. Law 93, 99 (1978-79). Whether the incidents are to be charged separately or brought as one charge is a decision within prosecutorial discretion. Many factors are weighed in making that decision, including the victim's ability to testify to specific times and places... . The criteria used to determine that only a single charge should be brought, may indicate that the election of one particular act for conviction is impractical.
State v. Petrich, 683 P.2d at 178.
The New Mexico Court of Appeals which quoted the Petrich language also confronted the issue at bar. State v. Altgilbers, 786 P.2d 680. In Altgilbers, two of the defendant's children allegedly had been sexually abused repeatedly over a five year period. The court specifically addressed the dilemma of charging a count in the information for each incident (one child was allegedly abused every other day, while the other was allegedly abused once a week) which is burdensome or logistically overwhelming, or charging all the incidents in one count which can lead to substantial unfairness to the defendant (because one act of misconduct can be proved by any one of a multitude of separate acts committed over a long period). Id. 109 N.M. at 464-65, 786 P.2d at 691-92. Again, in this instance, the court determined that the prosecutor should be afforded discretion in choosing his or her charging pattern. Id. 109 N.M. at 465, 786 P.2d at 692.
In the instant case, the information lists four counts. Each count includes only one specific criminal act, but charges that such act occurred on one or more occasions over a two and one-half year time period. It may be true, as the state contends, that the individual count removes the potential hazard of non-unanimous verdicts. To find appellee guilty on an individual count, the jurors would have to all agree that appellee performed the specific criminal act alleged in that count at least one time.
Though we have uncovered no Florida case law to support the idea that sexual abuse of a child may qualify as one of the instances where this principle applies, other jurisdictions have made that determination. See e.g., Baine v. State, 604 So.2d 258, 260 (Miss. 1992) (Court wrote, "[c]hild sexual abuse is not a crime which occurs once and for all. More akin to rape, acts of child molestation `may be perpetrated in multiples.'" It then held that the indictment in that sexual abuse of a child case clearly charged "a continuous course of criminal conduct and not merely a series of successive acts stemming from an original crime"); State v. Little, 260 Mont. 460, 861 P.2d 154, 161 (1993) (In a case where defendant was charged with the sexual abuse of his stepdaughters, the court wrote that when a continuing course of conduct is alleged, further specificity in the time of the occurrences is not required); State v. Covington, 711 P.2d 1183, 1185 (Alaska 1985) (Court held that where the victim cannot differentiate between various incidents [and here shared a bed with her father during the whole time in question], it was harmless error to allow the state to charge multiple offenses in a single count, and did not appreciably affect the verdict against defendant). Notably, New York refuses to accept the "continuing course of conduct" rationale, and consequently does not allow numerous charges to be encompassed in one count for fear that such charging is duplicitous. See e.g., People v. Algarin, 166 A.D.2d 287, 560 N.Y.S.2d 771, 772-73 (N.Y.A.D. 1990).
The instant case is distinguishable from a situation like that in Altgilbers where the *1216 abuse occurred approximately seven hundred times. It is not a situation where the abuse was alleged to have occurred weekly or even monthly. This is a case encompassing approximately ten distinct occasions.
Where it is reasonable and possible to distinguish between specific incidents or occurrences, as it is in this case, then each should be contained in a separate count of the accusatory document. Thus, while we agree with the reasoning of the trial court on this issue, we reverse and remand to give the state an opportunity to amend.
On the second issue, involving the state's efforts to narrow the time frame, the trial court stated:
But I find, secondarily, that the first test on Dell'Orfano is being violated. And the first test on Dell'Orfano is being violated because what I see there is that the evaluation of the case, the evaluation of the time frames, is based upon ten sexual batteries, because that's the way the State's charged it.
And I see a completely different set of circumstances that might be raised if the State were traveling [sic] what I think would be a proper way to do this, under a single sexual battery, per count, and much easier way to narrow the time frames down, if ten occur over a two-year period of time, certainly one doesn't occur over a two-year period of time. It seems to me that it can be narrowed down significantly more than that, as to where the State is not making an effort to do so, where the State is simply charging him with a single count, in my view, that doesn't meet the first test of Dell'Orfano and the first requirement of Dell'Orfano.
Recently, the fifth district heard a case confronting this very issue, and based on the supreme court's ruling in Dell'Orfano, found that the trial court erred in ruling with prejudice that the state had failed to exhaust all reasonable means to narrow the time frame alleged for when the crimes took place. State v. O'Brien, 636 So.2d 92, 93 (Fla. 5th DCA 1994). In O'Brien, the child testified that days before the motion to dismiss hearing, she, along with her mother and a counselor, were able to better pinpoint the time frame of the alleged abuse. Id. at 93. Based on the child's testimony at the hearing, the court held that the trial court should have allowed the state to amend the information unless it for some reason refused to do so. On remand, the O'Brien court ordered that the state be given a chance to amend or respond to the bill of particulars. Id. at 94.
In the instant case, the former prosecutor testified that they had done everything they could think of to jog the child's memory. Still, the child was unable to narrow the dates of the abuse. It is true that the prosecution failed to inject her with truth serum, or engage the services of a hypnotherapist to try to enter areas of the child's subconscious mind, but as far as sitting down with the child and engaging common memory jogging techniques, that was done.
The state here used the same memory jogging techniques employed in O'Brien. Though there they worked, here they did not. In her opinion, Judge Sharp quoted Justice Kogan's language from Dell'Orfano:
`[w]e recognize that young children often are unable to remember the specific dates on which they were abused... .' `Common sense dictates that admitted wrongdoing should not be shielded from prosecution merely because the state is unable to provide greater specificity in an information or indictment.
Id. at 93, quoting Dell'Orfano, 616 So.2d at 35.
Though we do not know what the result in O'Brien would have been had the child not remembered specific dates shortly before the hearing, Justice Kogan's language seems to indicate that the court would have reversed the motion to dismiss. Even in light of the presumption of correctness, and the standard for reviewing factual findings made by the trial court, we think the trial court erred in finding the state failed to meet its burden. The trial court based its ruling on evidence of "possible," albeit impractical, methods the prosecution "could" have used to jog the victim's memory, and failed to acknowledge that the prosecution had shown clearly and convincingly that it exhausted all methods of *1217 narrowing the time frame. On this issue, then, we reverse.
REVERSED AND REMANDED.
HERSEY, STONE and KLEIN, JJ., concur.

ORDER DENYING REHEARING
ORDERED that appellant's motion filed February 16, 1995, for rehearing and/or clarification is hereby denied; further,
ORDERED that appellee's motion filed March 14, 1995, to strike and for sanctions is hereby denied.