899 So.2d 1186 (2005)
Roshuan BALLARD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-4922.
District Court of Appeal of Florida, First District.
April 15, 2005.
*1187 Nancy A. Daniels, Public Defender; Edgar Lee Elzie, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of his conviction and sentence for aggravated child abuse, arguing that the admission of collateral crime evidence deprived him of a fair trial. Because this evidence became a feature of the trial, we conclude that it was unduly prejudicial and, hence, denied appellant a fair trial. Accordingly, we reverse.
Appellant was charged with one count of aggravated child abuse by malicious punishment for allegedly choking his seven-year-old daughter. At trial, over appellant's objection, the trial court admitted evidence of alleged abuse which occurred in California. Generally, evidence of prior bad acts or crimes is relevant to prove a material fact at issue if the evidence is not being admitted solely to prove bad character or propensity. See § 90.404(2)(a), Fla. Stat. (2003). However, for such evidence to be admissible, its prejudicial effect must not outweigh its probative value. § 90.403, Fla. Stat. (2003); Turtle v. State, 600 So.2d 1214, 1218 (Fla. 1st DCA 1992). Here, the trial court permitted the state to make the collateral crime evidence a feature of the trial by presenting testimony regarding the evidence from four of its six witnesses; by publishing photographs of injuries allegedly sustained as a result of the alleged prior abuse; and by emphasizing the evidence in both its opening statement and its closing arguments. This was error because, by becoming a feature of the trial, the prejudicial effect of the evidence outweighed its probative value. We have considered, but reject, the state's argument that any error was harmless. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986) (for error to be harmless, the state must satisfy the reviewing court to the exclusion of all reasonable doubt that the error did not affect the verdict); Goodwin v. State, 751 So.2d 537 (Fla.1999) (reaffirming that the DiGuilio test applies in criminal appeals to both constitutional and nonconstitutional error). Accordingly, we must reverse appellant's conviction and sentence, and remand for a new trial.
REVERSED and REMANDED, with directions.
ALLEN, KAHN and WEBSTER, JJ., concur.