944 So.2d 533 (2006)
Rodger K. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-250.
District Court of Appeal of Florida, Fifth District.
December 22, 2006.
*534 David S. Glicken, Orlando, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
Appellant was charged in Orange County, Florida, with two counts of lewd and lascivious molestation of a "victim 12 years of age or older but less than 16 years of age"[1] (hereinafter referred to as "M.J."). In Count I, it was alleged that between May 1, 2001 and November 22, 2004, appellant touched M.J. on her breasts or the clothing over her breasts in a lewd or lascivious manner. In Count II, it was alleged appellant touched M.J. in her genital area or the clothing over her genital area in a lewd and lascivious manner during the same time frame.
Appellant's first trial ended in a hung jury. He was convicted on both counts after the second trial. We reverse.
Shortly prior to the first trial, the state filed a Notice of Intention to Use Similar Fact Evidence. In its notice, the state indicated its intent to present evidence that between August 1, 2002 and November 22, 2004, appellant committed several other sexual acts on M.J. in Seminole County, Florida. Specifically, the state indicated its intent to present evidence that appellant digitally penetrated M.J.'s vagina with his finger(s), had her touch his penis with her hand, and had her perform fellatio on him. Appellant had not been charged with any of these crimes in Seminole County. Appellant's objection to the use of this collateral crime evidence was overruled at both trials.
M.J. was sixteen years old at the time of both trials. The first trial took place just prior to the commencement of her eleventh grade school year. The second trial took place approximately two and one-half months later.
At the first trial, M.J. testified the improper sexual acts committed by appellant occurred either at her residence in Orange County, or during bike rides in Seminole County. With regard to the Orange County incidents, M.J. testified appellant had touched her breasts and genital areas over her clothing "a few times." Significantly, other than testifying that the first incident occurred in the summer of 2001, M.J. never stated (nor was she asked by the prosecutor) the dates on which these touchings occurred.
Prior to the commencement of the second trial, appellant filed a Motion for Statement of Particulars. The trial court granted the motion and the state filed an amended information setting forth a narrower range of dates  from June 1, 2002  November 22, 2004. The state's amended information reduced the time range from approximately three and one-half years to approximately two and one-half years. Appellant then filed a motion to dismiss, alleging the state had failed to comply with Florida Rule of Criminal Procedure 3.140(n)[2] in responding to its Motion for *535 Statement of Particulars. Specifically, appellant contended the state had failed to specify, as definitely as possible, the dates on which the alleged crimes had occurred.
We find the trial court erroneously denied appellant's motion to dismiss.
In Dell'Orfano v. State, 616 So.2d 33, 35 (Fla.1993), our supreme court held a trial court, upon proper motion, was required to dismiss an information involving a lengthy period of time if the state could not show clearly and convincingly that it had exhausted all reasonable means of narrowing the time frame further. The state's argument that it made all reasonable efforts to narrow its thirty month time frame is not supported by the record.
At the hearing on the motion to dismiss, the state contended the victim was unable to be more specific with regard to the dates of the Orange County incidents  as reflected in her testimony at the first trial. However, as previously noted, other than establishing the approximate date of the first incident, the prosecutor did not even ask the victim the dates on which the other alleged improper touchings at the Orange County residence occurred. The state presented no other evidence to show "clearly and convincingly" that it had exhausted all reasonable means of narrowing the time frame further. Therefore, the trial court should have granted the motion to dismiss with leave for the state to further amend its information upon exhausting all reasonable means of narrowing the time frame further. State v. O'Brien, 636 So.2d 92 (Fla. 5th DCA 1994). As a result of the trial court's failure to grant the motion to dismiss, appellant was faced with the unique situation that the amended information alleged he committed the charged crimes between June 1, 2002 and November 22, 2004, although the only date given by M.J. at the first trial with regard to the Orange County incidents was the summer of 2001.
The trial court's error was further compounded by the fact, as acknowledged by the state at oral argument, that appellant is still subject to a new prosecution for improper touchings alleged to have occurred prior to June 1, 2002. Dell'Orfano, 616 So.2d at 36 n. 8. The potential for a new prosecution exists notwithstanding the fact that at the second trial, on direct examination, M.J. testified the improper touchings in Orange County started in the summer of 2001 and lasted "about a year." (On redirect examination, M.J. expanded the time frame for the Orange County incidents through the summer of 2004.)
Reversal is also required because the trial court failed to prevent the collateral crime evidence from becoming the feature of the trial. See McLean v. State, 934 So.2d 1248, 1262 (Fla.2006);[3]Ashley v. State, 265 So.2d 685, 693 (Fla.1972). Indeed, the record reflects the prosecutor devoted more time on the collateral crime evidence than on the charged crimes both in examining the alleged victim and in closing argument. The need to prevent collateral crime evidence from becoming *536 the focal point of a trial is particularly great where, as here, the alleged collateral crime evidence relates to criminal acts which are more serious offenses than the crimes for which the defendant is on trial.
The record suggests a strong likelihood appellant was significantly prejudiced by the evidence of the alleged Seminole County crimes becoming the feature of his trial. M.J.'s testimony regarding the dates of the alleged improper touchings in Orange County, as previously discussed, was vague and inconsistent. She also had difficulty in remembering the number of improper touchings which occurred in Orange County. Furthermore, at the first trial, M.J. testified appellant's improper touchings in Orange County had been over the clothing only. At the second trial, M.J. testified the Orange County incidents involved touching both over and beneath the clothing. By contrast, M.J.'s testimony regarding the uncharged Seminole County incidents was far more detailed and specific. Evidence that a defendant committed a collateral crime is inherently prejudicial because it creates the risk that a conviction will be based on the defendant's bad character or propensity to commit crimes, rather than on proof he committed the charged offense. McLean, 934 So.2d at 1255. To minimize that risk, the state may not make the collateral crimes a feature of the trial. Ashley, 265 So.2d at 693.
REVERSED and REMANDED.
THOMPSON and LAWSON, JJ., concur.
NOTES
[1] § 800.04(5)(c)(2), Fla. Stat.
[2] Florida Rule of Criminal Procedure 3.140(n) provides:

The court, on motion, shall order the prosecuting attorney to furnish a statement of particulars when the indictment or information on which the defendant is to be tried fails to inform the defendant of the particulars of the offense sufficiently to enable the defendant to prepare a defense. The statement of particulars shall specify as definitely as possible, the place, date, and all other material facts of the crime charged that are specifically requested and are known to the prosecuting attorney. . . . Reasonable doubts concerning the construction of this rule shall be resolved in favor of the defendant.
[3] The McLean decision was rendered subsequent to the conclusion of appellant's second trial. Should this case be retried, decisions regarding the admissibility of collateral crime evidence are to be consistent with the dictates of McLean.