965 So.2d 1171 (2007)
Ronald Wayne FOREMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5911.
District Court of Appeal of Florida, Second District.
August 15, 2007.
*1172 Elton J. Gissendanner III, of E.J. Gissendanner III, P.A., Tampa, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for Appellee.
*1173 CASANUEVA, Judge.
Ronald Wayne Foreman, convicted of two counts of capital sexual battery on a single victim under twelve years old, asserts that the trial court erred by admitting irrelevant and prejudicial testimony elicited by the State. We agree and because we are unable to conclude that the State met its burden to demonstrate harmless error, we reverse and remand for a new trial.

Procedure and Facts
This appeal is from the judgment and sentence imposed after the jury verdict in Mr. Foreman's second trial on charges that he committed two violations of section 794.011(2), Florida Statutes (1997), each count alleging the perpetration of a capital sexual battery on K.Z.[1] Before the first trial began, the trial court, based on the State's representations, denied Mr. Foreman's motion in limine, which sought to prohibit the introduction of testimony claimed to be Williams[2] rule evidence. During the trial, however, the court concluded that the State's evidence was not as represented at the pretrial hearing. In part, the trial court observed:
There is no testimony whatsoever about this. We now have two witnesses. I let the first one slide. I didn't feel good about it but I did. I thought it was close. This is so far afield that I've got no choice but to grant his motion. I am afraid this case is now going to grant  I have no choice but to grant a mistrial. There is irreversible damage by these two witnesses by what I was told and what I ruled upon in the motion in limine and the Williams rule testimony.
Following these comments, the court granted the defense motion for mistrial.
At the second trial, the State attempted to bolster K.Z.'s testimony by introducing the testimony of a former friend, T.F., who was fifteen when she took the witness stand. Before she moved away from Florida, T.F. lived nearby and would go to play at K.Z.'s house. On one occasion, while playing a game called "four corners" in the common room of the house, she saw Mr. Foreman touch K.Z. In pertinent part, she stated: "I don't really remember because I wasn't paying that much attention because I knew when I looked over there, he was touching her between her legs . . . it was touching another part of her body . . . like the vagina area." T.F. stated this touching took place while K.Z. and Mr. Foreman were fully clothed. Mr. Foreman was seated in a chair as K.Z. stood and played the "four corners" game. Finally, in response to the State's question whether the location of the touching was "on her vagina," T.F. answered "yes ma'am." Our examination of the entire record has caused us to conclude that this challenged evidence was not properly admitted, and the error was so harmful that a new trial is mandated.

Improper Admission of Evidence
Our resolution of the evidentiary issue focuses upon the application of evidence code sections 90.404 and 90.403, Florida Statutes (2005). Section 90.404(2)(b)(1) provides that in a criminal case where a defendant is charged with a "child molestation" crime, evidence that the defendant committed "other crimes, wrongs, or acts of child molestation is admissible." "Child molestation," for purposes of this evidentiary *1174 section, is conduct "proscribed by s. 794.011 or s. 800.04" and when committed against a person sixteen years of age or younger. § 90.404(2)(b)(2).
Here, two of the statutory requirements are met. First, the offense charged is a violation of section 794.011, Florida Statutes (1997), and second, the alleged victim is less than sixteen years of age.
Next, we must determine whether the proffered testimony alleging that Mr. Foreman touched the crotch area of the child's clothing meets the statutory requirements of admissibility. As is often the case, relevancy is the threshold question. Thus,
the similarity of the prior act and the charged offense remains part of a court's analysis in determining whether to admit the evidence in two ways. First, the less similar the prior acts, the less relevant they are to the charged crime, and therefore the less likely they will be admissible. Second, the less similar the prior acts, the more likely that the probative value of this evidence will be "substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence."
McLean v. State, 934 So.2d 1248, 1259 (Fla.2006) (quoting § 90.403).
To be admissible under this section, the challenged evidence must constitute a crime, wrong, or act of child molestation. The challenged evidence falls well short of constituting a violation of either section 794.011 or section 800.04 Fla. Stat. (1997) and therefore, by definition, cannot constitute an act of child molestation. Additionally, before a prior act of child molestation may be admitted, "the trial court must find that the prior acts were proved by clear and convincing evidence." McLean, 934 So.2d at 1262. Here, this requirement is not met. The evidence in question consisted only of T.F.'s description of Mr. Foreman's touching K.Z. on the clothed vaginal area between her legs. The witness did not remember the event clearly because she was not paying much attention. In fact, T.F. was extremely vague about the date of the incident and would admit only it occurred "approximately" five or six years previous to the 2005 trial.[3] Her testimony was insufficient for a factfinder to determine whether the touching was intentional or inadvertent, lingering or brief, or salacious or accidental. Similarly, the challenged evidence on this record does not establish the commission of a crime or wrong. The evidence established only that K.Z. was touched. The scarcity of detail precludes its admissibility under section 90.404(2)(b).
Finally, prior to admission the trial court is required to assess whether the probative value of the claimed act of molestation is substantially outweighed by the danger of unfair prejudice. Even assuming that the challenged evidence met one of the statutory elements for admissibility, it would not have passed the test for unfair prejudice. Our supreme court in McLean provided a minimum analytical checklist of four inquiries. The trial court must evaluate:
(1) the similarity of the prior acts to the act charged regarding the location of where the acts occurred, the age and gender of the victims, and the manner in which the acts were committed;

*1175 (2) the closeness in time of the prior acts to the act charged;
(3) the frequency of the prior acts; and
(4) the presence or lack of intervening circumstances.
Id. at 1262.
Mr. Foreman's touching of the crotch area of the child's clothing is not only dissimilar from the criminal acts alleged by K.Z.'s testimony, the acts are, in fact, substantially different when considered under the above checklist:
(1) Location and manner of the acts: The acts charged involved union and/or penetration between Mr. Foreman and K.Z. in a bedroom with both Mr. Foreman and K.Z. unclothed from the waist down. However, T.F.'s observations were that Mr. Foreman touched a clothed area of K.Z. during a game of "four corners" in a common room with other children present. T.F. testified she did not observe any intercourse or oral sex between Mr. Foreman and K.Z.
(2) Closeness of time between the acts charged and those observed: T.F. was unable to provide a date of the touching. In fact, it is possible that the touching she observed took place after the date of the criminal allegations.
(3) Frequency of prior bad acts: T.F. indicated she often played at K.Z.'s house with other children when Mr. Foreman was the only adult present. Yet there was only a single observation of a touching. Again, T.F.'s description of the touching was vague and she admitted it occurred during a game that involved running and horsing around. The observation of a single touching is far different than the repeated nature of the charged acts.
(4) Presence or lack of intervening circumstances: The charged acts are so dissimilar from what T.F. described, an "intervening circumstance" analysis is really not feasible.
Because of substantial differences between the charged acts and T.F.'s testimony, the evidence should not have been permitted pursuant to section 90.404(2)(b).
In sum, even assuming that the evidence was marginally relevant, it should have been rejected because otherwise relevant evidence may be excluded where its "probative value is substantially outweighed by the danger of unfair prejudice." § 90.403. We have discussed the negligible probative value of the testimony pertaining to the touching incident and its tendency to establish bad character or propensity. A proper weighing process pursuant to section 90.403 would have required its exclusion.
Section 90.404(2)(b), however, allows evidence described as the "commission of other crimes, wrongs, or acts of child molestation" to be admitted when relevant. Sections 90.404(2)(b)(1) and .402 allow the admission of relevant evidence that tends to prove or disprove a material fact. § 90.401. In this case, however, the nexus between the touching and the charged crimes, as well as the manner in which they were allegedly committed, is deficient. T.F.'s testimony sheds not a scintilla of light on Mr. Foreman's motive, opportunity, intent, preparation, plan, or knowledge. Because Mr. Foreman denied that the events ever took place, no issues were raised as to identity, mistake, or accident. At best, the touching evidence tended solely to prove Mr. Foreman's bad character or propensity to interact improperly with K.Z. See § 90.404(2)(a). "Evidence that defendant committed a collateral crime is inherently prejudicial because it creates a risk that a conviction will be *1176 based on the defendant's bad character or propensity to commit crimes, rather than on proof he committed the charged offense." Jones v. State, 944 So.2d 533, 536 (Fla. 5th DCA 2006).
For these reasons, we conclude the evidence did not meet the relevancy test of either statutory provision and was not admissible.

Requirement for New Trial
The final issue is whether the improper admission of the evidence requires the award of a new trial. An appellate court must scrutinize the erroneous admission of evidence for harmless error under section 90.403. See Coverdale v. State, 940 So.2d 558 (Fla. 2d DCA 2006); Denmark v. State, 927 So.2d 1079 (Fla. 2d DCA 2006). As the beneficiary of the error, the State is required to establish beyond a reasonable doubt that the error did not contribute to the conviction. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). The State's burden in a case such as this is made more difficult because the erroneous admission of irrelevant collateral crimes evidence raises a presumption of harmful error arising from a genuine risk that a jury might consider the defendant's bad character or propensity as evidence of guilt of the charged crime. Robertson v. State, 829 So.2d 901, 913-14 (Fla.2002); Fitzsimmons v. State, 935 So.2d 125, 128-29 (Fla. 2d DCA 2006).
The prosecution of this case began in 2002 for events occurring between May 1997 and September 1999. The trial commenced in November 2005 when K.Z., then seventeen years old, related events that occurred before her twelfth birthday. As in many prosecutions of this type, the trial distilled into a credibility contest. Initially, K.Z. denied that anything took place, as did her mother. When questioned by the hospital staff rendering treatment to K.Z. for herpes, neither mother nor daughter accused Mr. Foreman of anything inappropriate. In fact, the defense stressed that both K.Z. and her mother bypassed multiple opportunities to come forward. After they moved to Alabama, K.Z. agreed to disclose what had happened. The evidence showed that both K.Z. and her mother were infected with herpes; K.Z.'s mother was diagnosed with the illness prior to her marriage to Mr. Foreman. No record of scientific or medical evidence established whether Mr. Foreman was also infected.
No other evidence, such as DNA testing, corroborated K.Z.'s testimony. The defense also elicited testimony alluding to Mr. Foreman's continuing personal involvement in K.Z.'s life. In closing argument, the State referred to and argued the significance of the touching incident observed by T.F.
Because of the lack of other evidence to support K.Z.'s testimony in this credibility contest, we cannot find that the State has met its burden under DiGuilio. Accordingly, we reverse and remand for a new trial.
Reversed and remanded.
SALCINES and WALLACE, JJ., Concur.
NOTES
[1] Count 1 of the information alleged "union with and/or penetration of the sexual organ of K.Z. by the mouth and/or tongue" of the appellant. Count 2 alleged "penetration of and/or union with the vagina of K.Z. by the penis" of the appellant.
[2] Williams v. State, 110 So.2d 654 (Fla.1959); § 90.404(2)(b), Fla. Stat. (2005).
[3] T.F.'s vague statements concerning the time of the event she witnessed  "approximately" five or six years before the 2005 trialraises an inference that it might have occurred after the charged crimes.