CASANUEVA, Judge.
 

 Dale Roger Leland appeals his judgment and sentence for lewd and lascivious molestation. Because the trial court allowed the presentation of improper Williams
 
 [1]
 
 rule evidence, we reverse and remand for a new trial.
 

 I.
 

 Mr. Leland was charged with violating section 800.04, Florida Statutes (2002), by engaging in the lewd and lascivious molestation of his twelve-year-old stepdaughter, S.V.
 
 [2]
 
 The offense allegedly took place inside the family home between October 5, 2002, and October 5, 2003. S.V. was lying on the family couch, wearing a long T-shirt which reached below her panties and covered her buttocks. Testimony suggested that it was not unusual for Mr. Leland to massage S.V.’s legs and back because she had a history of back and joint problems. S.V. testified that on this particular occasion, Mr. Leland began rubbing her ankles and continued rubbing up her legs, stopping where her legs and torso met. He then lifted her T-shirt and kissed her upper thigh. S.V. expressly testified that Mr. Leland did not massage or kiss her buttocks, touch her vagina or breasts, reach under her panties or T-shirt, or speak to her in a manner suggesting he was desirous of engaging in sexual relations with her.
 
 [3]
 

 Before trial, the State successfully moved to allow similar fact evidence of another alleged crime, wrong, or act, pursuant to section 90.404(2)(b)(l), Florida Statutes (2006). The evidence involved an incident between Mr. Leland and the victim’s seventeen-year-old sister, S.W.
 

 At the hearing on the motion, S.W. testified that early in the morning on May 1, 2006, Mr. Leland entered her bedroom, closed the door, sat on her bed, and began rubbing her back, ear, and legs. He also played with her hair. S.W. became uncomfortable and ended the encounter without further incident. There was no evidence that Mr. Leland touched S.W.’s breasts, genital area, or buttocks. To give context to this encounter, the State elicited testimony from two deputies that Mr. Leland said his intention, at the time, was to learn if S.W.’s prior behavior toward him was flirtatious. If it was, Mr. Leland told deputies that he likely would have sought to take the relationship to the next level. One of the deputies testified that Mr. Leland’s conduct with S.W. did not constitute a crime and that the time between the charged incident with S.V. and the incident with S.W. was between three and four years.
 

 II.
 

 Character evidence of other crimes, wrongs, or acts is admissible in evidence when the statutory requirements of section 90.404 are met. Specifically, 90.404(2)(b)(l) provides that in a criminal case where “the defendant is charged with a crime involving child molestation, evidence of the defendant’s commission of other crimes, wrongs, or acts of child molestation is admissible, and may be considered for its bearing in any matter to which it is relevant.” A trial court’s decision to
 
 *618
 
 admit such evidence, often referred to as
 
 Williams
 
 rule evidence, is reviewed under an abuse of discretion standard.
 
 See Ray v. State,
 
 755 So.2d 604, 610 (Fla.2000);
 
 Kulling v. State,
 
 827 So.2d 311, 312 (Fla. 2d DCA 2002).
 

 For the purposes of section 90.404(2)(b), “child molestation” is defined as “conduct proscribed by s. 794.011 or s. 800.04 when committed against a person 16 years of age or younger.” § 90.404(2)(b)(2);
 
 see also Foreman v. State,
 
 965 So.2d 1171, 1173-74 (Fla. 2d DCA 2007) (further discussing these two statutory requirements).
 

 We conclude that the S.W. incident did not meet either prong of section 90.404(2)(b)’s definition of “child molestation.” First, S.W. testified that Mr. Leland touched her back, ear, and legs. None of these acts constitute a sexual battery under section 794.011 or a lewd or lascivious offense under section 800.04. In fact, the deputy who testified for the State at the hearing conceded that Mr. Leland had not committed a crime with S.W. Second, S.W. was seventeen years of age at the time of the alleged act and thus was not “16 years of age or younger” as prescribed by section 90.404(2)(b)(2). Consequently, the evidence was not admissible pursuant to this section.
 

 III.
 

 Having concluded that the admission of the evidence constituted error, the conviction may be upheld if the error was harmless. As the beneficiary of the erroneous evidentiary ruling, the State is required to establish beyond a reasonable doubt that the error did not contribute to the conviction.
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1135 (Fla.1986). In this instance, we find the State is unable to satisfy this heavy burden. Without the inadmissible evidence, the record contains no evidence to demonstrate Mr. Leland intended to touch S.V. in a lewd and lascivious manner.
 
 See
 
 § 800.04(5)(a) (a person must “intentionally touch[ ] in a lewd or lascivious manner” to commit lewd or lascivious molestation). Instead, the remaining record evidence suggests that Mr. Leland’s intent was to relieve S.V.’s discomfort from her joint problems. Testimony established that Mr. Leland had massaged S.V. in the past and continued to give her massages after the alleged criminal episode. S.V. jumped up off the couch and was seen smiling by her mother and Mr. Leland after he finished the massage.
 

 IV.
 

 Because the trial court erred in admitting the
 
 Williams
 
 rule evidence, and the State cannot show that the improper admission of that evidence was harmless, we reverse.
 

 Reversed and remanded for a new trial.
 

 WHATLEY and WALLACE, JJ., Concur.
 

 [1]
 

 .
 
 Williams v. State,
 
 110 So.2d 654 (Fla.1959).
 

 [2]
 

 . To protect each child involved in this case from improper identification, we shall refer to the victim as "S.V.” and to Mr. Leland's other stepdaughter as "S.W.”
 

 [3]
 

 .We do not address the sufficiency of the State's evidence because it is not at issue.