GALLEN, THOMAS M., Associate Senior Judge.
 

 Roy Joseph Seavey seeks review of his judgment and sentence for lewd or lascivious molestation. Seavey argues that the trial court abused its discretion in admitting collateral crimes evidence pursuant to section 90.404(2)(b), Florida Statutes (2004). While the collateral crimes evidence was admissible because it was relevant to the charged crime, the court improperly allowed the collateral crimes evidence to become a feature of the trial. Accordingly, we reverse.
 

 The State charged Seavey by amended information with lewd or lascivious molestation upon a fourteen-year-old male victim. Prior to trial, Judge Webb granted the State’s motion to admit evidence of collateral crimes that Seavey had committed against two other young boys. The court determined that the collateral crimes evidence was admissible because it was relevant and its probative value outweighed any danger of unfair prejudice.
 

 A jury convicted Seavey of lewd or lascivious molestation as charged in a trial
 
 *1177
 
 before Judge Day. On appeal, Seavey argues that the trial court abused its discretion in admitting the collateral crimes evidence because the evidence was not relevant, was more prejudicial than probative, and was improperly featured at his trial. Our first inquiry is whether the collateral crimes evidence in this case was relevant and, if so, whether it was more prejudicial than probative.
 

 Section 90.404(2)(b)(l) provides, “In a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant’s commission of other crimes, wrongs, or acts of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.” However, collateral crimes evidence that is relevant may also be excluded under section 90.403 “if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.”
 

 Relevancy is “the threshold question,” and the collateral crime’s similarity to the charged offense is helpful to determine whether the evidence is relevant.
 
 McLean v. State,
 
 934 So.2d 1248, 1259 (Fla.2006).
 

 First, the less similar the prior acts, the less relevant they are to the charged crime, and therefore the less likely they will be admissible. Second, the less similar the prior acts, the more likely that the probative value of this evidence will be “substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.” § 90.403.
 

 Id.
 
 The court must “ ‘act as a gatekeeper, weighing the probative value and the prejudicial effect of the proffered testimony.’ ”
 
 Id.
 
 at 1261 (quoting
 
 McLean v. State,
 
 854 So.2d 796, 802 (Fla. 2d DCA 2003)). To perform this function, the trial court should evaluate, among other things: (1) similarities of the place of the crimes, the victims, and the manner of the crimes; (2) the amount of time that has elapsed between the crimes; (3) the frequency of the collateral crimes; and (4) whether there were intervening circumstances.
 
 Id.
 
 at 1262. Finally, the court must guard against allowing the State to make the evidence a feature of the trial.
 
 Id.
 

 In this case, the collateral crimes evidence established that Seavey chose young boys who were vulnerable and that he earned their trust by pursuing their interests. Seavey molested the boys on one occasion in the privacy of his home when no one else was present. All three victims were pre- or early teen boys. While the collateral crimes occurred sixteen and twenty-five years before the charged crime, the lapse of time between the crimes is not in itself determinative of whether the evidence is relevant. Accordingly, the trial court did not abuse its discretion in determining that the collateral crimes evidence was relevant and that its probative value outweighed any danger of unfair prejudice.
 
 Cf. McLean,
 
 934 So.2d 1248.
 

 Our next inquiry in this case is whether the collateral crimes evidence was improperly featured at trial. Collateral crimes evidence becomes a feature of the trial “when inquiry into the collateral crimes ‘transcend[s] the bounds of relevancy to the charge being tried’ and the prosecution ‘devolves from development of facts pertinent to the main issue of guilt or innocence into an assault on the character of the defendant.’ ”
 
 Conde v. State,
 
 860 So.2d 930, 945 (Fla.2003) (quoting
 
 Williams v. State,
 
 117 So.2d 473, 475 (Fla.1960)).
 

 In this case, the victims’ testimony regarding the collateral crimes evidence it
 
 *1178
 
 self was relatively brief. However, the victims’ testimony was more detailed than the testimony of the charged victim, and the collateral crimes involved much more serious criminal offenses than the charged crime. More important, the State improperly emphasized the collateral crimes during opening statement and closing argument.
 

 The State spent seven out of twelve pages of its opening statement detailing the collateral crimes. The State’s references to the collateral crimes in closing argument were less detailed than in its opening statement, but the State spent ten pages using the collateral crimes to classify Seavey as a predator who finds young boys’ weaknesses, grooms them, and then sexually assaults them. Instead of using the collateral crimes evidence to argue that Seavey committed the charged crime as alleged by the victim, the State used the evidence to argue that Seavey committed the charged crime because he was a sexual predator.
 

 The State’s use of the collateral crimes evidence during opening and closing arguments, when considered in conjunction with the prejudicial nature of the collateral crimes evidence, leads to the conclusion that the evidence impermissibly became a feature of the trial.
 
 Cf. Jones v. State,
 
 944 So.2d 533, 535-36 (Fla. 5th DCA 2006);
 
 Morrow v. State,
 
 931 So.2d 1021, 1022 (Fla. 3d DCA 2006);
 
 Ballard v. State,
 
 899 So.2d 1186, 1187 (Fla. 1st DCA 2005). Accordingly, we reverse and remand for a new trial.
 

 Reversed and remanded.
 

 VILLANTI and WALLACE, JJ., Concur.