LaROSE, Judge.
 

 Paul Winslow Corson, Jr., seeks a new trial on the charge of lewd or lascivious molestation of a child. He argues that the trial court abused its discretion in admitting factually dissimilar and unduly prejudicial collateral crimes evidence. We reverse.
 

 The State charged Mr. Corson with molesting six-year-old A.E. at Mr. Corson’s home. The State filed a notice of intent to use
 
 WilliwmH
 

 [1]
 

 rule evidence of previous child molestation. Under section 90.404(2)(b)(l), Florida Statutes (2004),
 

 In a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant’s commission of other crimes, wrongs, or acts of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.
 

 The State’s notice alleged that Mr. Cor-son had molested N.W. at his home when she was approximately six years old. The alleged molestation occurred about two to three months before the incident with A.E. The State also intended to call as a witness the doctor who examined N.W.
 

 Mr. Corson moved, in limine, to exclude the evidence because its prejudicial effect substantially outweighed its probative value.
 
 See
 
 § 90.403;
 
 McLean v. State,
 
 934 So.2d 1248 (Fla.2006). At the hearing on the motion, the parties stipulated that the trial court could review the police reports, depositions, and other discovery material in making its ruling. The trial court deemed the evidence admissible. At Mr. Corson’s trial, N.W. and the doctor testified at length about the alleged molestation of N.W. The jury convicted Mr. Cor-son.
 

 Mr. Corson concedes that some of the collateral crimes evidence may have been relevant and admissible. However, he argues that the trial court should have excluded the extensive evidence, especially that presented by the doctor, of dissimilar acts and events. We review the trial court’s admission of
 
 Williams
 
 rule evidence for an abuse of discretion.
 
 Kulling v. State,
 
 827 So.2d 311, 313 (Fla. 2d DCA 2002);
 
 Macias v. State,
 
 959 So.2d 782, 783 (Fla. 4th DCA 2007).
 

 As we explained in
 
 Foreman v. State,
 
 965 So.2d 1171, 1173-74 (Fla. 2d DCA 2007), relevancy is the threshold question of whether testimony proffered under section 90.404(2)(b)(l) is admissible.
 

 [T]he similarity of the prior act and the charged offense remains part of a court’s analysis in determining whether to admit the evidence.... First, the less similar the prior acts, the less relevant they are to the charged crime, and therefore the less likely they will be admissible. Second, the less similar the prior acts, the more likely that the probative value of this evidence will be “substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.”
 

 Id.
 
 at 1174 (quoting
 
 McLean,
 
 934 So.2d at 1259). In
 
 Foreman,
 
 no sufficient nexus existed between a prior touching incident and the charged crimes of capital sexual
 
 *767
 
 battery.
 
 Id.
 
 at 1175. “At best, the touching evidence tended solely to prove ... bad character or propensity....”
 
 Id.
 
 (citing section 90.404(2)(a)). We must guard . against the “ ‘risk that a conviction will be based on the defendant’s bad character or propensity to commit crimes, rather than on proof he committed the charged offense.’ ”
 
 Id.
 
 at 1175-76 (quoting
 
 Jones v. State,
 
 944 So.2d 533, 536 (Fla. 5th DCA 2006)).
 

 In contrast, in
 
 McLean,
 
 934 So.2d at 1253, a lewd molestation case, the trial court found that admission of all the collateral crimes evidence would be unduly prejudicial.
 
 Id.
 
 at 1263. The supreme court concluded that the trial court did not err in admitting limited portions of the evidence.
 
 Id.
 

 Here, Mr. Corson allegedly touched A.E. between her legs with his hand. N.W. testified to a similar incident. N.W. then detailed other alleged offenses that would have constituted capital sexual batteries. The doctor who examined N.W. also testified about possible penile to anal contact. No such crimes were charged as to A.E. Indeed, as to Mr. Corson’s alleged molestation of A.E. there was no physical evidence, there were no witnesses, and there were no incriminating statements. In closing, the State relied on the collateral crimes evidence presented by N.W. and the doctor. The State also stressed N.W.’s credibility in its rebuttal closing argument. The collateral crimes evidence became a focal point of the trial and involved acts more serious than the offenses for which Mr. Corson stood trial.
 
 See McLean,
 
 934 So.2d at 1262 (explaining trial court’s critical gatekeeping function in assessing collateral crimes evidence where probative value must be balanced with unfairly prejudicial effect of the evidence and collateral crime testimony cannot become a feature of the trial);
 
 Seavey v. State,
 
 8 So.3d 1175 (Fla. 2d DCA 2009) (reversing lewd and lascivious molestation conviction for a new trial where collateral crimes evidence became an improper feature of the trial);
 
 Jones,
 
 944 So.2d at 535-36 (stating that the need to prevent collateral crime evidence from becoming a focal point is particularly great where alleged collateral crime evidence relates to more serious criminal offenses than those for which a defendant is on trial).
 

 We must also review the improper admission of collateral crime evidence for harmless error.
 
 Denmark v. State,
 
 927 So.2d 1079, 1082 (Fla. 2d DCA 2006). To show harmless error, the State must prove that there is “no reasonable possibility that the error contributed to the conviction.”
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1135 (Fla.1986). We cannot conclude from the record that the admission of the collateral' crimes evidence was harmless beyond a reasonable doubt.
 

 Reversed and remanded for a new trial.
 

 SILBERMAN and WALLACE, JJ„ Concur.
 

 [1]
 

 .
 
 Williams v. State,
 
 110 So.2d 654 (Fla.1959).