NORTHCUTT, Judge.
Branden Cass was convicted of lewd and lascivious battery and lewd and lascivious molestation. But ■ his trial was tainted when the court allowed the jury to hear that Cass himself previously had been abused as well as a police- detective’s opinion that this made Cass more likely to commit such crimes. Accordingly, we reverse and remand for a new trial.
Cass, then 'twenty years old, was arrested based on accusations that he sexually abused a twelve-year-old girl when he was dating the girl’s older sister and living with their family. After being informed of his Miranda[1] rights, in a recorded inter *1107 view he spoke to a detective about how much he partied, explaining that he did so because of stress. He said that while he .lived with the family, he was made responsible for paying most of the bills, including food, medical expenses, and school supplies.
Cass also said that he partied so much because of things that had happened to him in the past. He told the detective that he had been molested by babysitters and had been raped when he was young. The detective responded that such abuse had a serious effect, especially if the victim did not receive counseling. When Cass apparently indicated that he did not get counseling, the detective told him “that actually explains a lot ... people who ... who have been exposed to something when ' they were younger have a moré likely chance of doing something similar down the ‘road because of the fact you were a victim at one time.... It makes you more ... more susceptible.”
Cass filed' a motion in limine to exclude the detective’s statement that Cass was more likely to commit the charged offenses because he had been sexually abused as a child and had not received counseling. Cass sought to redact the recording of the interview to omit the discussion of his prior sexual abuse and the detective’s opinion about its effect. The ¡trial court denied :the motion. We conclude that the detective was not qualified to offer this opinion and that it was inadmissible in any event. -
An expert may offer an opinion when qualified “by knowledge, skill, experience, training, or education.” § 90.702, Fla. Stat. (2012). But the State presented no evidence to qualify the detective as an expert who could opine on the. likelihood that previously abused individuals would in .turn commit abuse. Cf. Hadden v. State, 690 So.2d 573 (Fla.1997) (requiring scientific basis before allowing expert testimony about symptoms typically associated with sexually abused children). *
Moreover, the only purpose of this evidence was to 'show that Cass had a propensity to engage in the alleged behaviors that gave rise to the charges against him. This was wholly improper. See § 90.404(2)(a) (excluding evidence of other acts when offered solely to prove bad character or propensity). Improper propensity evidence is presumptively harmful. Abbott v. State, 622 So.2d 601, 602 (Fla. 2d DCA 1993) (reversing based on improper propensity evidence despite trial court’s curative instruction); see also Foreman v. State, 965 So.2d 1171, 1175-76 (Fla. 2d DCA 2007) (stating that inherent prejudice comes from the risk that the jury will convict based on the evidence of a defendant’s propensity rather than relying on proof of the crime charged).
The State correctly has not argued that this error was harmless; Although Cass made incriminating admissions when the officers interviewed him, he recanted his statements at trial, attributing them to his physical and mental fatigue and to his feeling that the interviewers were pressuring him to tell them what they wanted to hear. There , was no physical evidence to support the allegations; semen and DNA were found on the mattress, but Cass was excluded as the donor. The alleged victim positively identified Cass as the perpetrator, but she- said that she never actually saw him or heard him because she never opened her eyes during five encounters, and he never said anything. She testified that the five incidents occurred at night in her bed, which she shared with her younger sister. The victim testified that her sister was present for four of the five incidents, yet it was agreed that the sister never saw anything happen. Other males — the boyfriend of the victim’s mother and his two teenaged sons — were in and *1108 out of the house during the pertinent time period.
An error is harmless only if “there is no reasonable possibility that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986); see also Castro v. State, 547 So.2d 111, 115 (Fla.1989) (“[I]t is not enough to show that the evidence against a defendant was overwhelming. Error, is harmless only if it can be said beyond a reasonable doubt that the verdict could not have been affected by the error.” (internal quotation marks omitted)). We cannot say that the verdict in this case was not affected by the erroneous admission of the improper propensity evidence.
. Reversed and remanded for a new trial.
CRENSHAW, J., Concurs.
ALTENBERND, J., Dissents with opinion.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).